669 A.2d 299

HUNTERDON COUNTY POLICEMEN'S BENEVOLENT ASSOCIA-TION LOCAL 188, PLAINTIFF–RESPONDENT/CROSS–APPEL-LANT, v. TOWNSHIP OF FRANKLIN, DEFENDANT–APPEL-LANT/CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 14, 1995—Decided January 17, 1996.

390

Before Judges BAIME, KESTIN and A.A. RODRÍGUEZ.

*Dorf & Dorf,* attorneys for appellant/cross-respondent (*Gerald L. Dorf* and *Richard B. Robins,* on the brief).

*Benjamin Luke Serra,* attorney for respondent/cross-appellant.

The opinion of the court was delivered by

KESTIN, J.A.D.

In a complaint in lieu of prerogative writ, plaintiff, a local police union, asserted the Right-to-Know Law, *N.J.S.A.* 47:1A–1 to –4, specifically *N.J.S.A.* 47:1A–2, as a basis for seeking an order granting it access to "copies of any and all bills from any attorneys, arbitrators, or other professionals of any kind, hired by the Township [of Franklin (defendant) ] in connection with any policy

matter from January, 1990 through and inclusive of [April 26, 1994]." Plaintiff also sought attorneys fees and costs. Plaintiff did not plead its common law right of access to the documents in question.

Defendant, in its answer, denied that the statute conferred a right of access to the indicated information. Among the affirmative defenses pleaded were the protection of the attorney-client privilege, and waiver and estoppel by reason of a written agreement between representatives of the parties wherein plaintiff "agreed to withdraw and not pursue in any forum any then-outstanding issues between the parties."

Defendant also asserted in two counterclaims that the agreement not to pursue further claims against defendant was a fraudulent inducement on defendant to enter into the parties' collective bargaining agreement, or that violation of the agreement not to pursue outstanding issues was a breach of the collective bargaining agreement. Defendant sought recision of the collective bargaining agreement, reimbursement for all paid increases in salary, benefits and other compensation provided in that agreement, damages and counsel fees.

Without answering the counterclaims, plaintiff moved for summary judgment on its complaint, together with counsel fees pursuant to *N.J.S.A.* 47:1A–4 and *N.J.S.A.* 2A:15–59.1, and a dismissal of the counterclaims. Defendant cross-moved for summary judgment on both the complaint and the counterclaims.

After argument on the return date of the motions, the trial judge rendered an oral opinion holding that the requested documents were public records under the Right-to-Know Law, rejecting defendant's affirmative defense that the documents were protected by the attorney-client privilege, and denying counsel fees to both parties. Defendant's counterclaims were seen as moot, and the trial judge did not address the waiver/estoppel defense. The order memorializing the trial court's ruling required defendant to produce the disputed documents within five days and formally dismissed the counterclaims as moot.

After defendant's notice of appeal was filed, we granted a stay pending appeal. Plaintiff cross-appealed from the denial of counsel fees.

We affirm the trial court's determinations that *N.J.S.A.* 47:1A–1 and –2 require disclosure of the disputed documents, and that the documents are not insulated from disclosure by the attorney-client privilege. We are in substantial agreement with the trial judge's reasoning that the billings sought are subject to disclosure because they are required by law to be submitted before any payment may be made and that, in preparing, processing and submitting them, defendant and its attorneys are obliged to conform with specific requirements of law, *N.J.S.A.* 40A:5–16a; because the billings are required by statute to carry a certification from an appropriate local officer that the goods provided or services rendered were received, *N.J.S.A.* 40A:5–16b, thereby establishing the billings as documents "required by law to be made ... by" the local officer, *N.J.S.A.* 47:1A–2; and because a record, "open to the public," must be kept of "[a]ll claims approved for payment", *N.J.S.A.* 40A:5–18. The latter provision, not only requires that a record of such documents must be kept by a public officer, satisfying a criterion for public disclosure under the Right-to-Know Law, but it is also a separate public disclosure statute because it provides that "[t]he record of approval shall be open to the public."

We note also that the trial judge was correct to perceive the "made ... by" criterion of *N.J.S.A.* 47:1A–2 to be a separate standard from the "maintained ... by" and "kept on file by" tests. A document that satisfies any one of these three criteria is subject to disclosure under the statute.

As a separate basis for inclusion within the ambit of the Right-to-Know Law, we are also in substantial agreement with the trial judge's observation: "There can't be any credible argument by defendant that these documents are not required to be kept or maintained[ ]" by the standards of good fiscal practice embodied in

the Local Fiscal Affairs Law, *N.J.S.A.* 40A:5–1 to –42, even if there were no particular statutory provision requiring that they be kept or maintained. *See Board of Educ. of Newark v. Department of the Treasury,* 279 *N.J.Super.* 489, 498–502, 653 *A.*2d 589 (App.Div.), *leave to appeal granted,* 142 *N.J.* 440, 663 *A.*2d 1351 (1995). Furthermore, and most generally in respect of the legislative design in enacting the Right-to-Know Law, *see North Jersey Newspapers Co. v. Passaic County,* 127 *N.J.* 9, 18, 601 *A.*2d 693 (1992), we can conceive of nothing more within the scope of the public's legitimate interest than the submissions a public entity receives from its providers of goods and services, on the basis of which public funds are paid out. A contrary view negates the citizenry's right to know how tax monies are used.

■ We are also in substantial agreement with the trial judge's rationale that the attorney-client privilege, *N.J.S.A.* 2A:84A–20, does not apply to insulate billings from disclosure:

> The billings of an attorney are not likely to contain information which is confidential. In the experience of this court, it will contain a few word description of the general category of work performed, the number of hours required to perform the work, the date of the performance, and the total cost to the client.
>
> In reviewing the bills submitted ... as an example with the motion that was filed today, defense counsel was not able to point out anything that was confidential on the sample of the billings presented.

We have held in different circumstances that "the [attorney-client] privilege accords the shield of secrecy only with respect to confidential communications [*see State v. Schubert,* 235 *N.J.Super.* 212, 220–21, 561 *A.*2d 1186 (App.Div.1989), *certif. denied,* 121 *N.J.* 597, 583 *A.*2d 302, *cert. denied,* 496 *U.S.* 911, 110 *S.Ct.* 2600, 110 *L.Ed.*2d 280 (1990) ] made within the context of the strict relation of attorney and client," *Matter of Grand Jury Subpoenas,* 241 *N.J.Super.* 18, 30, 574 *A.*2d 449 (App.Div.1989), even as to public officers and bodies, and that it ordinarily does not apply to lawyers' bills for services to a public entity. *Id.* at 36, 574 *A.*2d 449. This is not to say that, where appropriate, a court should not first require production of such documents for *in camera* inspec-

tion to assure that no bill contains confidential matter protected by the privilege.

Related issues remain in both the appeal and cross-appeal concerning the trial court's denial of counsel fees to both parties. As to the elements of those issues so far dealt with by the trial court, it is clear that neither party has taken a position that could reasonably be characterized as frivolous, *N.J.S.A.* 2A:15–59.1. Further, there is no basis in the record to question the trial judge's exercise of discretion in denying plaintiff as much as $500 in attorney's fees authorized by *N.J.S.A.* 47:1A–4.

Finally, we differ with the trial judge's determination that the claims embodied in defendant's counterclaim are moot. We discern that these are fact-sensitive issues unsuited to resolution on summary judgment, at least on the record developed before the trial court on the parties' instant cross-motions for summary judgment. *See Brill v. Guardian Life Ins. Co. of America,* 142 *N.J.* 520, 666 *A.*2d 146 (1995). A decision against defendant on the right-to-know issue and the correlative attorney-client privilege question, cannot logically be seen as rendering moot its claims that the collective bargaining agreement between the parties has been breached, or was, in its formation, attended by fraud in the inducement. What the remedy might be if a breach is established or if the fraud allegation is proved, is yet another, separate, question that might need to be addressed. *See Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd. of Educ.,* 78 *N.J.* 144, 154–55, 393 *A.*2d 278 (1978). The related question also exists of the effect of plaintiff's omission to file a formal answer to the counterclaims.

Even before these questions are reached, however, and directly related to the trial court's order requiring disclosure within a specified period of time, defendant is entitled to a ruling on its waiver/estoppel claim, another fact-sensitive issue. If it is determined, notwithstanding the eligibility of the documents at issue for disclosure pursuant to the Right-to-Know Law, that this plaintiff by reason of its dealings with this defendant may not assert the

Right-to-Know Law in this circumstance, it is the remaining issues in the case (*i.e.,* those embodied in the counterclaims, along with those already decided) that may be moot.

We affirm as to the trial court's determinations on the Right-to-Know Law, attorney-client privilege, and related counsel fee questions. We remand for consideration of the remaining questions including any further proceedings that may be necessary. Our November 10, 1994 stay of the trial court's order shall continue pending the trial court's rulings on the remanded issues, and until the trial court sees fit to vacate the stay. We do not retain jurisdiction.