986 A.2d 678

ASBURY PARK PRESS, PLAINTIFF–RESPONDENT, v. COUNTY OF MONMOUTH AND CAROL MELNICK, DEFENDANTS–APPELLANTS.

JOHN PAFF, PLAINTIFF–RESPONDENT, v. MONMOUTH COUNTY AND JAMES GRAY, IN HIS CAPACITY AS THE MONMOUTH COUNTY CUSTODIAN OF RECORDS, DEFENDANTS–APPELLANTS.

Argued November 10, 2009—Decided January 25, 2010.

*Linda Grasso Jones,* argued the cause for appellants County of Monmouth and James Gary (*Cleary, Alfieri & Jones,* attorneys).

*Michelle M. Tullio,* argued the cause for respondent Asbury Park Press (*Lanfrit & Tullio,* attorneys).

*Walter M. Luers,* argued the cause for respondent John Paff.

*Linda Wong,* submitted a letter in lieu of brief on behalf of appellant Carol Melnick (*Wong Fleming,* attorneys).

PER CURIAM

The judgment of the Appellate Division is affirmed substantially for the reasons expressed in Judge Ashrafi's thoughtful opinion. *Asbury Park Press v. Monmouth,* 406 *N.J.Super.* 1, 966 A.2d 75 (App.Div.2009). We agree that the Open Public Records Act (OPRA), *N.J.S.A.* 47:1A–1 to –13, requires disclosure of a settlement agreement between the County of Monmouth and an employee who filed a lawsuit claiming sex discrimination, sexual harassment, retaliation, and a hostile work environment. We also agree that plaintiff-appellants are entitled to reasonable attorney's fees under OPRA, which the trial court is to determine on remand. We add only the following.

During oral argument before this Court, the County argued for the first time that the settlement agreement should not be disclosed in light of the ruling in *Burnett v. County of Bergen,* 198 *N.J.* 408, 968 A.2d 1151 (2009). We disagree.

This case is a far cry from *Burnett. Burnett* involved a request for eight million pages of various types of land title records, spanning a period of twenty-two years, which contained names,

addresses, social security numbers, signature specimens, information on marital status, and details about mortgages for countless citizens. *Id.* at 416, 968 *A*.2d 1151. We noted that the bulk disclosure could expose an untold number of individuals to an increased risk of identity theft and held that the records could be disclosed after redaction of individual social security numbers. *Id.* at 415, 968 *A*.2d 1151. We reached that conclusion after analyzing OPRA's text and balancing its competing aims of ready access to government records and protection of a citizen's personal information. *Id.* at 414–15, 422–27, 968 *A*.2d 1151. In balancing those interests, we adopted and applied the seven factors outlined in *Doe v. Poritz*, 142 *N.J.* 1, 82–86, 662 *A*.2d 367 (1995). *Burnett, supra*, 198 *N.J.* at 427–37, 968 *A*.2d 1151.

The County seizes on OPRA's privacy clause to try to prevent disclosure of the settlement agreement in this case. The privacy clause specifies that public agencies have "an obligation to safeguard from public access a citizen's personal information with which it has been entrusted when disclosure thereof would violate the citizen's reasonable expectation of privacy." *N.J.S.A.* 47:1A–1.

OPRA's privacy clause has no application here because this case does not implicate the concerns raised in *Burnett*. Even if the clause did apply, disclosure under the circumstances presented would not violate any *reasonable* expectation of privacy. Here, a former county employee chose to file a public action—a complaint against the County which was available to the public. Had the matter not settled, the lawsuit would have unfolded in a public trial, and any outcome would have been revealed in open court. To expect privacy in the outcome of a lawsuit against the County, then, is hardly reasonable and runs counter to OPRA's core concern of transparency in government. A governmental entity cannot enter into a voluntary agreement at the end of a public lawsuit to keep a settlement confidential, and then claim a "reasonable expectation of privacy" in the amount of that settlement.

We need go no further in addressing the County's argument. There is no reason to analyze the *Doe* factors considered in *Burnett*.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—7.

*Opposed*—None.