NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1236-14T3
               A-3170-14T4
               A-3335-14T3

HARRY SCHEELER,

    Plaintiff-Respondent,

v.

OFFICE OF THE GOVERNOR;
ANDREW J. MCNALLY, custodian; NEW
JERSEY MOTOR VEHICLES COMMISSION;
JOSEPH F. BRUNO, custodian; NEW
JERSEY DEPARTMENT OF LAW AND PUBLIC
SAFETY, DIVISION OF ALCOHOLIC BEVERAGE
CONTROL; BRUCE J. SOLOMON, custodian;
NEW JERSEY DEPARTMENT OF MILITARY AND
VETERANS AFFAIRS; MARK A. PRESTON,
custodian; NEW JERSEY DEPARTMENT OF
THE TREASURY; CYNTHIA JABLONSKI,
custodian; NEW JERSEY DEPARTMENT OF
LAW AND PUBLIC SAFETY, DIVISION OF
CONSUMER AFFAIRS; ROBERT J. CAMPANELLI,
custodian; NEW JERSEY DEPARTMENT OF
EDUCATION, DIVISION OF CHIEF OF STAFF;
CUSTODIAN OF RECORDS FOR THE NEW
JERSEY DEPARTMENT OF EDUCATION,
DIVISION OF CHIEF OF STAFF; NEW
JERSEY DEPARTMENT OF LAW AND
PUBLIC SAFETY, DIVISION OF STATE POLICE,

    Defendants-Appellants.

_____

| |
|---|
| **APPROVED FOR PUBLICATION** |
| **January 27, 2017** |
| **APPELLATE DIVISION** |

HEATHER GREICO,

    Plaintiff-Respondent,

v.

NEW JERSEY DEPARTMENT OF
EDUCATION and THE RECORDS
CUSTODIAN OF THE DEPARTMENT
OF EDUCATION,

    Defendants-Appellants.

_____

JOHN PAFF,

    Plaintiff-Respondent,

v.

NEW JERSEY MOTOR VEHICLE
COMMISSION and JOSEPH F. BRUNO,

    Defendants-Appellants.

_____

Argued December 20, 2016 — Decided January 27, 2017

Before Judges Yannotti, Fasciale and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket Nos. L-0992-14; L-1674-14; and L-1672-14.

Valentina M. DiPippo, Deputy Attorney General, argued the cause for appellants in A-1236-14 (Christopher S. Porrino, Attorney General, attorney; Raymond R. Chance, III, Assistant Attorney General, of counsel; Geoffrey Brounell, Deputy Attorney General, on the brief).

Bruce S. Rosen argued the cause for respondent in A-1236-14 (McCusker, Anselmi, Rosen & Carvelli, P.C. and American Civil

Liberties Union of New Jersey Foundation, attorneys; Edward L. Barocas and Jeanne LoCicero, of counsel; Mr. Rosen and Sarah L. Fehm, on the brief).

Valentina M. DiPippo, Deputy Attorney General, argued the cause for appellants in A-3170-14 (Christopher S. Porrino, Attorney General, attorney; Raymond R. Chance, III, Assistant Attorney General, of counsel; Christopher Huber, Deputy Attorney General, on the brief).

Valentina M. DiPippo, Deputy Attorney General, argued the cause for appellants in A-3335-14 (Christopher S. Porrino, Attorney General, attorney; Raymond R. Chance, III, Assistant Attorney General, of counsel; Ms. DiPippo, on the brief).

Walter M. Luers argued the cause for respondents in A-3170-14 and in A-3335-14 (Law Office of Walter M. Luers, LLC, attorneys; Mr. Luers, of counsel and on the briefs).

The opinion of the court was delivered by

YANNOTTI, P.J.A.D.

Defendants appeal from orders entered by the Law Division, which required that they provide plaintiffs with access to certain third-party requests for documents under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and awarded plaintiffs attorney's fees. We affirm.

I.

We briefly summarize the relevant facts and procedural history. In February 2014, Harry Scheeler sent a request to the

Governor's Office seeking copies of all OPRA requests submitted to that office in January 2014. He also sought copies of all OPRA requests presented to the Governor's Office concerning the closure of traffic lanes on the George Washington Bridge, from September 1, 2013, to February 10, 2014.

In addition, Scheeler sent requests to the New Jersey Motor Vehicle Commission (MVC), the Alcoholic Beverage Control Commission (ABC), the New Jersey Department of Military and Veterans Affairs (DMVA), the New Jersey Department of Treasury (DT), the Division of Consumer Affairs (DCA), the New Jersey Department of Education (DOE), and the Division of State Police for copies of all OPRA requests submitted to these departments and agencies in specified periods of time. Scheeler submitted his requests to the MVC, ABC, DMVA, DT, and DCA anonymously.

Scheeler's requests were denied on the ground that he was not entitled to disclosure of third-party OPRA requests. As support for denying Scheeler's requests, the Governor's Office and other agencies cited our decision in Gannett N.J. Partners, LP v. County of Middlesex, 379 N.J. Super. 205 (App. Div. 2005). The MVC, ABC, DMVA, DOT, and DCA also denied Scheeler's requests on the ground that OPRA permits custodians of government records

to deny anonymous requests.[1] In May 2014, Scheeler filed a complaint in the trial court challenging the denials of his requests.

On June 2, 2014, John Paff sent a request to the MVC seeking copies of all OPRA requests presented to that agency in a one-week period in May 2014. On June 6, 2014, Heather Greico submitted an OPRA request to the DOE for copies of all e-mails between a certain individual and an employee in the Camden County Office of Education during a ten-day period in March 2014.

On June 11, 2014, the MVC denied Paff's request, and on June 13, 2014, the DOE provided Greico with copies of the e-mails requested, but redacted OPRA requests from the records. The MVC and the DOE cited Gannett as the basis for denying access to the third-party OPRA requests. In July 2013, Paff and Greico filed complaints in the Law Division challenging the MVC

---

[1] The departments and agencies relied upon N.J.S.A. 47:1A-2.2, which precludes any person convicted of an indictable offense from seeking government records that contain personal information about that person's victim or the victim's family. N.J.S.A. 47:1A-2.2(a). A court may, however, release the government record if the information therein is necessary to assist in the requestor's defense. N.J.S.A. 47:1A-2.2(b). The statute provides that notwithstanding any provision of law to the contrary, "a custodian shall not comply with any anonymous request for a government record which is protected under the provisions of this section." N.J.S.A. 47:1A-2.2(c).

and DOE's refusals to provide access to the third-party OPRA requests.

On July 21, 2014, the motion judge heard oral argument in the Scheeler case and placed an oral decision on the record. The judge determined that third-party OPRA requests are "government records" under OPRA, and there is no specific exemption in OPRA that precludes disclosure of those records.

The judge found that Gannett did not authorize the government agencies to deny access to all third-party OPRA requests. The judge stated that although there is some discussion in Gannett suggesting that requests for access to third-party OPRA requests are improper, that discussion is dicta and not binding precedent.

The judge therefore determined that Scheeler was entitled to access the third-party OPRA requests he had requested in his own name, but he was not entitled to access the records he sought anonymously. The judge found that N.J.S.A. 47:1A-2.2(c) authorized the denial of the requests for records that Scheeler submitted anonymously.

The judge therefore found that Scheeler was the prevailing party, and he was entitled to an award of attorney's fees pursuant to N.J.S.A. 47:1A-6. The judge did not address Scheeler's alternative claim that he was entitled to access to

the third-party OPRA requests under the common law. The judge memorialized her decision in an order filed July 22, 2014.

Scheeler thereafter filed a motion for reconsideration of the part of the court's order which denied his anonymous OPRA requests. Defendants in Scheeler opposed the motion and filed a cross-motion seeking a stay of the court's order pending appeal. The judge considered the motions on September 10, 2014, and placed an oral decision on the record.

The judge reconsidered the earlier decision. The judge determined that N.J.S.A. 47:1A-2.2(c) did not authorize defendants to deny access to all anonymous OPRA requests because "of the remote possibility that the anonymous requestor" had been convicted of an indictable offense, or that the information sought would be personal information about the requestor's victim or family.

The judge stated that the defendants who denied Scheeler's anonymous requests should provide the records sought, but allowed those defendants to redact personal information from the records, other than the name of the requestor. The judge found that this "middle ground" would address OPRA's aim of providing the public with access to government records, while authorizing the records custodians to redact personal information when responding to anonymous OPRA requests.

7

On September 25, 2014, the judge entered a stipulation and final order memorializing her decision. The order also awarded Scheeler attorney's fees, and stayed the order pending disposition of any appeal taken from the order. Defendants in the Scheeler matter thereafter appealed. They do not, however, challenge the provision of the trial court's order which required that they respond to the requests that Scheeler submitted anonymously.

In October 2014, the judge heard oral argument in the Paff and Greico matters. The judge ruled, as she had earlier ruled in Scheeler, that OPRA does not exempt third-party OPRA requests from disclosure, and Gannett does not authorize the blanket denial of access to all such requests. The judge memorialized her decision in an order dated October 28, 2014, and required the defendants in these cases to produce the third-party OPRA requests that Paff and Greico sought.

The judge entered final orders in the Greico matter on January 30, 2015, and in the Paff matter on February 4, 2015. The judge awarded Paff and Greico attorney's fees, and stayed the orders pending appeal. The MVC and DOE thereafter filed notices of appeal. We address the appeals in Scheeler, Paff, and Greico in this opinion.

On appeal, defendants argue that OPRA does not require that they provide plaintiffs with access to third-party OPRA requests. They argue that in Gannett, the court stated that requests for access to third-party OPRA requests are improper. Defendants contend that our discussion of third-party OPRA requests in Gannett may have been dicta, but it constituted binding precedent that should have been followed by the trial court.

Because the trial court's interpretation of OPRA and its analysis of the opinion in Gannett are issues of law, we exercise de novo review of the trial court's orders in these cases. State v. Goodwin, 224 N.J. 102, 110 (2016).

OPRA was enacted "to maximize public knowledge about public affairs in order to ensure an informed citizenry and to minimize the evils inherent in a secluded process." Mason v. City of Hoboken, 196 N.J. 51, 64 (2008) (quoting Asbury Park Press v. Ocean Cty. Prosecutor's Office, 374 N.J. Super. 312, 329 (Law. Div. 2004)). OPRA therefore provides that "government records shall be readily accessible for inspection, copying, or examination by the citizens of this State, with certain exceptions, for the protection of the public interest, and any

limitations on the right of access . . . shall be construed in favor of the public's right of access[.]" N.J.S.A. 47:1A-1.

OPRA broadly defines "government record" or "record" to mean

> any paper, written or printed book, document, drawing, map, plan, photograph, microfilm, data processed or image processed document, information stored or maintained electronically or by sound-recording or in a similar device, or any copy thereof, that has been made, maintained or kept on file in the course of his or its official business by any officer, commission, agency, or authority of the State or of any political subdivision thereof . . . . The terms shall not include inter-agency or intra-agency advisory, consultative, or deliberative material.
>
> [N.J.S.A. 47:1A-1.1.]

Nevertheless, the public's right of access to government records is not absolute. Kovalcik v. Somerset Cty. Prosecutor's Office, 206 N.J. 581, 588 (2011) (citing Educ. Law Ctr. v. N.J. Dep't of Educ., 198 N.J. 274, 284 (2009)). OPRA excludes twenty-one categories of information from the definition of a "government record." N.J.S.A. 47:1A-1.1. Among the exclusions are records of criminal investigations, trade secrets, certain records requested by crime victims, personal firearms records, information received by or prepared by members of the Legislature, and certain emergency or security information for

buildings and facilities. <u>Ibid.</u> Also excluded are records which are exempt from disclosure by statute, legislative resolution, executive order, or court rule. <u>N.J.S.A.</u> 47:1A-9.

Defendants concede that OPRA requests which they have received are "government records" under <u>N.J.S.A.</u> 47:1A-1.1. Indeed, such requests are documents that have been received and kept on file by defendants in the course of their official business. OPRA requires defendants to provide access to these records upon request, unless they are exempt from disclosure under OPRA. <u>See</u> <u>Asbury Park Press v. County of Monmouth</u>, 406 <u>N.J. Super.</u> 1, 6 (App. Div. 2009) (holding that OPRA requires disclosure of all "government records" unless "exempted by statute, legislative resolution, administrative regulation, executive order, rules of court, judicial decisions, or federal law"), <u>aff'd</u>, 201 <u>N.J.</u> 5 (2010).

OPRA does not, however, include any specific provision declaring that OPRA requests are not subject to disclosure. Furthermore, defendants do not cite any statute, legislative pronouncement, executive order, or court rule that provides that OPRA requests are confidential.

Defendants argue that demands for access to OPRA requests by other persons are generally improper because they lack sufficient specificity. Defendants assert that OPRA was not

intended to provide a research tool for litigants "to force government officials to identify and siphon useful information." MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 546 (App. Div. 2005).

Defendants note that an OPRA request "must identify with reasonable clarity" the documents that the requestor is seeking, and "a party cannot satisfy this requirement by simply requesting all of an agency's documents." Spectraserv, Inc. v. Middlesex Cty. Utils. Auth., 416 N.J. Super. 565, 576 (App. Div. 2010) (emphasis omitted) (quoting Bent v. Twp. of Stafford Police Dep't, 381 N.J. Super. 30, 37 (App. Div. 2005)). They assert requests for access to third-party OPRA requests lack the specificity required.

We are not persuaded by defendants' argument. Here, plaintiffs did not seek access to general categories of records, nor did they ask defendants to undertake any analysis or research to determine the records that fall within the scope of the requests. Rather, plaintiffs sought access to OPRA requests by other persons, which were received by defendants within specific time frames. Thus, plaintiffs requested the documents with sufficient clarity.

Defendants further argue that granting citizens access to OPRA requests by third parties does not advance the purpose of

OPRA, which is to allow citizens to secure access to "government records" so that the public can obtain "information about how state and local governments operate[.]" <u>Burnett v. County of Bergen</u>, 198 <u>N.J.</u> 408, 414 (2009). However, as noted, third-party OPRA requests fall within the broad definition of a "government record" in <u>N.J.S.A.</u> 47:1A-1.1, and there is no provision of OPRA, any legislative resolution, executive order, or court rule that exempts third-party OPRA requests from disclosure.

Receiving and responding to requests for government records is a governmental function. We must therefore presume that the Legislature intended that the public would have access to these records to "maximize public knowledge about public affairs." <u>Mason</u>, <u>supra</u>, 196 <u>N.J.</u> at 64 (quoting <u>Asbury Park Press</u>, <u>supra</u>, 374 <u>N.J. Super.</u> at 329).

## III.

Defendants also contend <u>Gannett</u> established that requests for access to third-party OPRA requests are improper. Defendants argue that the trial court erred by failing to follow the precedent purportedly established by <u>Gannett</u>. We disagree.

In <u>Gannett</u>, the United States Attorney for the District of New Jersey had issued grand jury subpoenas for the production of documents upon various officials in Middlesex County. <u>Gannett</u>, <u>supra</u>, 379 <u>N.J. Super.</u> at 209. The service of the subpoenas was

widely reported in the news media, including newspapers published by the plaintiff, Gannett New Jersey Partners, L.P. Ibid. Gannett then filed an OPRA request with the County seeking copies of all of the federal subpoenas, as well as the documents provided to the United States Attorney in response thereto. Id. at 210.

The County produced many of the documents that Gannett had requested, but refused to provide copies of the federal subpoenas and certain other records. Ibid. Gannett then brought an action in the trial court to compel disclosure of the records the County had withheld, and the trial court determined that Gannett was not entitled to the records. Id. at 210-11. Gannett appealed. Id. at 211.

This court began its opinion by questioning whether Gannett's request for all information provided to the United States Attorney in response to the federal subpoenas was proper. Ibid. The court stated that "OPRA does not authorize a party to make a blanket request for every document a public agency has provided another party in response to an OPRA request or, in this case, a federal grand jury subpoena." Id. at 212.

The court observed that such a request does not merely seek access to public records, it also represents an attempt to ascertain "the nature and scope of a third party's inquiry to a

government agency." Ibid. The court pointed out that the United States Attorney had a "particularly strong" interest in "maintaining the confidentiality of [his] inquiry" because it was part of a federal investigation. Ibid. The court also observed that other third parties may have an interest in maintaining the confidentiality of their requests for access to public records. Ibid.

The court added that "even assuming" Gannett's OPRA request was improper and that the County could have refused to produce any documents in response to the request, the County did not take that position and instead provided Gannett with most of the documents it requested. Id. at 212-13. Moreover, in the trial court, the County did not assert that the OPRA request was improper. Id. at 213.

The court stated that the County had waived "whatever right [it] may have had to deny Gannett's entire OPRA request on the ground that it was improper." Ibid. (citation omitted). The court went on to address whether the records the County had withheld were subject to disclosure under OPRA. Id. at 213-22.

Here, the trial court correctly determined that the Gannett court's discussion of the propriety of Gannett's OPRA request is dicta and not binding precedent. Our Supreme Court has stated that "matters in the opinion of a higher court which are not

15                                                        A-1236-14T3

decisive of the primary issue presented but which are germane to that issue . . . are not dicta, but binding decisions of the court." State v. Rose, 206 N.J. 141, 183 (2011) (alteration in original) (quoting 5 Am. Jur. 2d Appellate Review § 564 (2007)).

The Gannett court's discussion of the OPRA request was not germane to the issues presented in that case, which were whether Gannett was entitled to the records the County had withheld. Furthermore, in Gannett, the court did not definitively state that the OPRA request was improper.

Indeed, the court commented that, even assuming that Gannett's request was improper and could have been denied for that reason, the County had waived the issue. Gannett, supra, 379 N.J. Super. at 212-13. Therefore, Gannett does not represent a binding decision that all requests for access to third-party OPRA requests are improper and government agencies can deny citizens access to all such requests.

Defendants nevertheless argue that the court's discussion in Gannett justifies denying access to the third-party OPRA requests plaintiffs sought. We disagree. As noted in Gannett, the court suggested that Gannett's OPRA request was not proper because it was a "blanket request" for records provided to a third party. Id. at 212. However, plaintiffs' OPRA requests are not blanket requests for government records. Indeed, as we have

determined, plaintiffs identified the records they were seeking with sufficient specificity.

Defendants further argue that access to all third-party OPRA requests may be denied because in Gannett, the court stated that a citizen making an OPRA request may have an interest in maintaining the confidentiality of such a request. Ibid. The Gannett court noted hypothetically that a news organization might have a competitive interest in maintaining the confidentiality of its request for government records under OPRA. Ibid.

OPRA provides an exemption in N.J.S.A. 47:1A-1.1 for "information which, if disclosed, would give an advantage to competitors or bidders[.]" To justify non-disclosure under this provision, there must be "a clear showing" that the exemption applies. Tractenberg v. Township of West Orange, 416 N.J. Super. 354, 378-79 (App. Div. 2010) (emphasis omitted) (quoting Asbury Park Press, supra, 374 N.J. Super. at 329). The "mere potential" that disclosure of information in a government record might confer a competitive advantage upon some person or entity is not sufficient. Id. at 379.

Here, defendants have not asserted that release of any of the third-party OPRA requests sought by plaintiffs would confer a competitive advantage on any person or entity. Although there

may be circumstances where denial of access to such records might be justified under the "competitive advantage" exemption, the exemption does not provide a basis for the blanket denial of access to all third-party OPRA requests.

Furthermore, denial of access to the third-party OPRA requests sought by plaintiffs is not justified by any apparent privacy concerns. OPRA requires government agencies to balance the public's strong interest in disclosure of government records "with the need to safeguard from public access personal information that would violate a reasonable expectation of privacy." Burnett, supra, 198 N.J. at 427. When doing so, the government agencies must consider the following factors:

> (1) the type of record requested; (2) the information it does or might contain; (3) the potential for harm in any subsequent nonconsensual disclosure; (4) the injury from disclosure to the relationship in which the record was generated; (5) the adequacy of safeguards to prevent unauthorized disclosure; (6) the degree of need for access; and (7) whether there is an express statutory mandate, articulated public policy, or other recognized public interest militating toward access.
>
> [Ibid. (quoting Doe v. Poritz, 142 N.J. 1, 88 (1995)).]

In these cases, defendants have not asserted that access to the OPRA requests sought by plaintiffs can be denied because the third-party requestors have a reasonable expectation of privacy

18

in their OPRA requests. In this regard, we note that some State agencies have used OPRA-request forms that inform citizens that their requests may be subject to disclosure.

Even if the OPRA-request forms did not include such warnings, a citizen submitting an OPRA request ordinarily would not have a reasonable expectation that the request will not be disclosed to others. As noted, OPRA requests are "government records" and there is no OPRA exemption, legislative resolution, executive order or court rule that precludes their disclosure.

Even so, there may be individual cases in which a citizen may have a reasonable expectation of privacy regarding that citizen's OPRA request. However, the agency may deny the public access to the OPRA request only after it has considered and applied the Burnett balancing test. Nevertheless, there is no justification for denying the public access to all third-party OPRA requests merely because of the possibility that a requestor might have an interest in preserving the confidentiality of a particular request.

Finally, we note that under OPRA, the records custodian has the burden to show that the denial of access was authorized by law. See Asbury Park Press, supra, 406 N.J. Super. at 7 (citing N.J.S.A. 47:1A-6). Here, defendants did not deny access on the basis of any exemption in OPRA. Instead, as previously noted,

defendants relied exclusively on the dicta in Gannett. Thus, defendants did not carry their burden to show that the denials were based on any exemptions in OPRA.

Therefore, the trial court correctly determined that plaintiffs were entitled to the records they sought. The court also correctly found that plaintiffs were prevailing parties and awarded them attorney's fees pursuant to N.J.S.A. 47:1A-6. On appeal, defendants have raised no issue regarding the award of attorney's fees.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1236-14T3