NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1292-15T1

NEW JERSEY INTERGOVERNMENTAL
INSURANCE FUND,

 Plaintiff-Appellant,

v.

LORRAINE SELECKY and
JOEL I. RACHMIEL, ESQ,

 Defendants-Respondents.

________________________________________________________________

 Argued telephonically March 16, 2017 – Decided July 11, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Union County, Docket No.
 L-2833-15.

 Barry M. Capp argued the cause for appellant
 (Ansell Grimm & Aaron, P.C., attorneys; Mr.
 Capp, of counsel and on the briefs).

 Joel I. Rachmiel argued the cause for
 respondents.

PER CURIAM

 Defendant Lorraine Selecky filed an action through her

attorney, defendant Joel I. Rachmiel, for malicious prosecution
against the Borough of Roselle Park Police Department (Borough).

Selecky settled her claim with the Borough and entered into a

settlement agreement that contained a confidentiality clause,

prohibiting her and her attorney from disclosing the existence and

terms of the agreement. Plaintiff New Jersey Intergovernmental

Insurance Fund (NJIIF), the Borough's insurer, filed a complaint

against defendants alleging they breached the confidentiality

clause. It appeals from the Law Division's dismissal of its

complaint on summary judgment, arguing that the court erred by not

concluding defendants breached the agreement when they made

statements to a newspaper allegedly relating to the lawsuit and

by not enforcing the agreement's provision for liquidated damages.

We disagree and affirm.

 The salient facts on summary judgment were not disputed and

are summarized as follows. Selecky had been convicted in municipal

court of a parking offense. She appealed that conviction and we

reversed and remanded for a new trial. See State v. Selecky, A-

1346-10 (App. Div. Jan. 11, 2012) (slip op. at 1, 11). On remand,

the court acquitted Selecky, and Rachmiel filed the complaint for

malicious prosecution on her behalf. The parties settled the

matter, and the court dismissed her complaint in accordance with

the parties' settlement agreement that also required the Borough

 2 A-1292-15T1
to pay Selecky an agreed upon amount. Plaintiff then paid Selecky

on behalf of the Borough.

 The confidentiality clause of the agreement restricted

Selecky's and her attorney's ability to discuss the terms of the

agreement with others. It also addressed the impact on that

restriction of any legally required disclosure of the agreement

by the Borough to others. It stated:

 The Parties acknowledge and agree that
 . . . the Borough . . . may be obligated to
 disclose . . . this Agreement to persons under
 the New Jersey Open Public Records Act
 [(OPRA)1] or common law. Notwithstanding the
 foregoing, [defendants] agree that they shall
 not disclose, or cause to be disclosed, the
 terms of this Agreement, or the fact that this
 Agreement exists, except to their accountants
 and/or tax advisors, or to the extent
 otherwise required by law. . . . In the event
 that this Agreement is required to be
 disclosed pursuant to applicable law,
 [defendants] agree that their communication
 with any person or the media regarding the
 Action shall be limited to the statement that
 "the claim was resolved to my satisfaction."

 [(Emphasis added).]

 In the preamble to the agreement, the parties defined "the

Action" as the malicious prosecution suit that Selecky filed

against the Borough and identified it by its Law Division docket

number. There was no mention of the municipal court action against

1
 N.J.S.A. 47:1A-1 to -13.

 3 A-1292-15T1
Selecky. The agreement also designated "any violation of the

. . . confidentiality provision [to be] a material breach of th[e]

Agreement," entitling plaintiff to file "a summary action to

enforce same and . . . entitl[ing it] to 50% of the Settlement Sum

as liquidated damages[.]"

 Within several days of the parties reaching the agreement,

an unrelated third party made an OPRA request to the Borough for

a copy of the settlement agreement and, on May 20, 2014, authored

a blog post about the settlement. The next day, a local newspaper

published a similar article. Later, a reporter from the Star

Ledger contacted defendants, and on June 1, 2014, the newspaper

published an internet posting and article about the settlement,

including comments attributed to defendants as follows:

 "She was determined. She was going to
 do whatever it took," said Joel Rachmiel.

 . . . .

 "I knew I was right, and innocent," said
 Selecky . . . .

 . . . .

 "People that I work with, they all said
 I was crazy," Selecky recalled.

 . . . .

 "It was really suspect when he (the
 officer) sent the ticket in the mail,"
 Rachmiel said.

 4 A-1292-15T1
 . . . .

 "When you know you're right, you have to
 fight," she said last week, then added, "I'm
 happy this long journey has come to an end."

 The article also quoted the Borough's attorney as saying,

"The borough is happy the matter has been resolved without any

finding of any improper behavior by any police officer."

 Plaintiff contacted defendants, alleged their comments in the

Star Ledger constituted a breach of the settlement agreement, and

demanded the damages provided for in the confidentiality clause.

Defendants rejected plaintiff's contention, and plaintiff filed

this action.

 Plaintiff moved for summary judgment, arguing that the

statements defendants made to the Star Ledger violated the

confidentiality provision of the settlement agreement. Defendants

cross-moved for summary judgment, contending that the comments

only dealt with the municipal court complaint, did not reference

the complaint against the Borough or the settlement agreement, and

the settlement agreement was already lawfully published twice

before the Star Ledger article as the result of the OPRA request.

 The motion judge considered the parties' submissions and oral

arguments, granted defendants' cross-motion for summary judgment,

and denied plaintiff's motion. In her oral decision placed on the

record on October 9, 2015, the judge explained that she could not

 5 A-1292-15T1
"see anything in th[e] agreement that was disclosed in these

papers" and that Selecky was only "talking about this municipal

court action . . . ." She found that Selecky's comments to the

Star Ledger "did not discuss" the malicious prosecution action and

that the comments had "nothing to do with" the Borough or the

police officer. In fact, she found that the statement made by the

Borough's attorney to the Star Ledger actually "went beyond what

was supposed to be said," because he commented on the settlement

agreement and "he should have just said [']it's been resolved to

the borough's satisfaction.[']" The judge also observed that the

information that plaintiff was concerned about had been disclosed

earlier in the blog post by the OPRA requestor. The judge entered

an order awarding summary judgment and dismissing the complaint.

This appeal followed.

 On appeal, plaintiff argues the court erred in "granting

defendants' motion . . . since the communications made by

defendants clearly violated the terms of the confidential

settlement and release." It also contends that the "liquidated

damage provision is enforceable and not an unlawful penalty."

 We review the trial court's grant of summary judgment de novo

and apply the same standard as the trial court. Cypress Point

Condo. Ass'n, Inc. v. Adria Towers, L.L.C., 226 N.J. 403, 414

(2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J.

 6 A-1292-15T1
512, 514 (2012)). Summary judgment must be granted if there is

no genuine issue of material fact challenged and the moving party

is entitled to judgment as a matter of law. R. 4:46-2. No special

deference is afforded to the legal determinations of the trial

court when no issue of fact exists. Templo Fuente De Vida Corp.

v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199

(2016) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan,

140 N.J. 366, 378 (1995)).

 We conclude from our de novo review of the motion record that

summary judgment was properly entered in favor of defendants. We

affirm substantially for the reasons expressed by the motion judge

in her oral decision. We add the following brief comments.

 "[P]arties' [to an] agreement cannot override the public's

right of access under OPRA," Asbury Park Press v. Cty. of Monmouth,

406 N.J. Super. 1, 9 (App. Div. 2009), aff’d, 201 N.J. 5 (2010),

but they will still be bound to keep information confidential

pursuant to a negotiated agreement, even if that information is

later disclosed under OPRA. Here, the parties' agreement expressly

provided for the type of information that defendants could disclose

about the terms of the settlement agreement in this action or even

its existence if the Borough disclosed the settlement agreement

in response to an OPRA request.

 7 A-1292-15T1
 The statements defendants made to the Star Ledger did not

breach the agreement. The parties defined the scope of the

restriction upon defendants' right to make comments to those

related to the settlement agreement in "the Action," which they

specifically defined to mean the malicious prosecution matter, not

the municipal court case. The statements defendants made, as

compared to the Borough's attorney's comments, did not concern the

malicious prosecution at all and had nothing to do with "the terms

of th[e settlement] Agreement, or the fact that th[e] Agreement

exists[.]" Plaintiff's arguments to the contrary are without

merit. If the parties intended to expand the scope of the

confidentiality requirement, they could have simply identified the

municipal court action as being part of "the Action" and included

it as a subject matters as well as the terms of the settlement.

 Because we conclude that the judge properly awarded summary

judgment to defendants, we need not address plaintiff's remaining

argument regarding the enforceability of the confidentiality

clause's liquidated damage provision.

 Affirmed.

 8 A-1292-15T1