**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0168-19T1

RUSSELL SMITH,

     Complainant-Appellant,

v.

MOORESTOWN TOWNSHIP,

     Respondent-Respondent.

_____

Submitted May 18, 2020 – Decided June 10, 2020

Before Judges Ostrer and Vernoia.

On appeal from the New Jersey Government Records Council, GCR No. 2019-135.

Russell Smith, appellant pro se.

Taenzer Ettenson & Aberant, PC, attorneys for respondent Moorestown Township (Kevin E. Aberant, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Government Records Council (Debra Allen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Complainant Russell Smith (Smith) appeals from a Government Records Council (GRC) final agency decision dismissing his complaint alleging Moorestown Township violated the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, by denying him access to a government record in violation of N.J.S.A. 47:1A-5(i). Having reviewed the record in light of the applicable legal principles, we affirm.

The pertinent facts are simple and undisputed. On June 28, 2019, Smith submitted a request to Moorestown's custodian of records for access to a government record, the "Pennrose/Moorestown Urban Renewal Associates preliminary site approval application."[1] Having received no response from Moorestown, five business days later, on July 8, 2019, Smith filed a "Denial of Access Complaint" with the GRC, alleging Moorestown denied access to the requested record in violation of N.J.S.A. 47:1A-5(i). The Denial of Access Complaint form Smith filed expressly provided it was "to be used only for claims of denial of access to government records that you want the [GRC] to decide."

---

[1] The parties do not dispute the requested "Pennrose/Moorestown Urban Renewal Associates preliminary site approval application" is a "[g]overnment record" under N.J.S.A. 47:1A-1.1.

A-0168-19T1

On the following business day, July 9, 2019, Moorestown provided Smith access to the record. Smith does not dispute that Moorestown provided access to the requested record on the sixth business day following service of his June 28, 2019 request for access.

On July 30, 2019, the GRC administratively dismissed Smith's complaint, finding it presented an "[u]nripe [c]ause of [a]ction." The GRC cited N.J.S.A. 47:1A-5(i), which provides that a "custodian of a government record shall grant access to a government record or deny a request for access to a government record as soon as possible, but not later than seven business days after receiving the request . . . [.]" The GRC noted Moorestown's custodian of records provided Smith access to the requested record on the sixth business day following his request, and it concluded Smith's complaint was "materially defective and shall be dismissed because" the requested record "is not an immediate access record" and Smith filed his complaint within the statutory seven-day period for Moorestown's custodian of records to respond to the request.[2] This appeal followed.

---

[2] N.J.S.A. 47:1A-5(e) provides that "[i]mmediate access ordinarily shall be granted to budgets, bills, vouchers, contracts, including collective negotiations agreements and individual employment contracts, and public employee salary and overtime information." Smith did not, and does not, claim he was entitled to immediate access to the requested record pursuant to N.J.S.A. 47:1A-5(e).

A-0168-19T1

Our standard of review of a decision by the GRC "is governed by the same standards as review of a decision by any other state agency." Fisher v. Div. of Law, 400 N.J. Super. 61, 70 (App. Div. 2008). We "will not overturn an agency's decision unless it violates express or implied legislative policies, is based on factual findings that are not supported by substantial credible evidence, or is arbitrary, capricious or unreasonable." Ibid. "We do not, however, simply rubber stamp the agency's decision." Paff v. N.J. Dep't of Labor, 392 N.J. Super. 334, 340 (App. Div. 2007) (citation omitted).

Smith contends the GRC's dismissal of his complaint as premature and "unripe" is based on a misinterpretation and misapplication of N.J.S.A. 47:1A-5(i). Smith relies on the portion of the statute that provides "a custodian of a government record shall grant access to a government record or deny a request for access to a government record as soon as possible, but not later than seven business days after receiving the request." N.J.S.A. 47:1A-5(i) (emphasis added). He contends that the statute imposes an obligation on the custodian of records to either grant or deny access to a requested government record "as soon as possible," and that his GRC complaint properly asserted a claim the Moorestown custodian of records failed to comply with that obligation. He argues the GRC therefore erred by dismissing his complaint solely because it

A-0168-19T1

was filed less than seven business days after he sought access to the government record, and the GRC's dismissal erroneously failed to give effect to the statutory requirement that a custodian of records must grant or deny access to a government record "as soon as possible."

Smith's claim requires an interpretation of OPRA's provisions under the applicable principles of statutory construction. Our "obligation when interpreting a law is to determine and carry out the Legislature's intent." Sussex Commons Assocs., LLC v. Rutgers, 210 N.J. 531, 540-41 (2012). We therefore must "first look at the plain language of the statute." Id. at 541. Although "[o]ur standard of review is plenary with respect to" an interpretation of OPRA, Asbury Park Press v. Cty. of Monmouth, 406 N.J. Super. 1, 6 (App. Div. 2009), aff'd, 201 N.J. 5 (2010), "under our deferential standard of review, we give weight to the GRC's interpretation of OPRA," McGee v. Twp. of E. Amwell, 416 N.J. Super. 602, 616 (App. Div. 2010). As the Supreme Court explained in Acoli v. N.J. State Parole Board, "generally, when construing language of a statutory scheme, deference is given to the interpretation of statutory language by the agency charged with the expertise and responsibility to administer the scheme." 224 N.J. 213, 229 (2016).

N.J.S.A. 47:1A-5(i) imposes an obligation on a custodian of records to grant or deny "access to a government record as soon as possible, but not later than seven business days after receiving the request." The statute also makes an express, but limited, provision for a custodian's failure to honor its obligation to either grant or deny access to a requested public record. N.J.S.A. 47:1A-5(i) defines the legal effect of a custodian's failure to provide access within seven business days of a request; it states that "[i]n the event a custodian fails to respond within seven business days after receiving a request, the failure to respond shall be deemed a denial of the request."[3] N.J.S.A. 47:1A-5(i). The statute makes no similar provision for a custodian's failure to provide access to a requested record "as soon as possible." That is, the Legislature opted not to deem a failure to provide access to a public record "as soon as possible" a denial of the request for access under OPRA, see ibid., and it is not our role "to engraft language that the Legislature has not chosen to include in a statute," Lippman v. Ethicon, Inc., 222 N.J. 362, 381 (2015).

---

[3] The statute further provides a custodian's failure to respond within seven business days shall be deemed a denial of a request, "unless the requestor has elected not to provide a name, address or telephone number, or other means of contacting the requestor." N.J.S.A. 47:1A-5(i). We do not address this portion of the statute because it is inapposite under the circumstances presented.

A-0168-19T1

N.J.S.A. 47:1A-5(i) does not define Smith's entitlement to file a complaint with the GRC because it does not authorize the filing of a complaint based on an alleged denial of access to a government record. The authority to file a complaint with the GRC is provided and defined solely by N.J.S.A. 47:1A-6. The statute permits the filing of a complaint with the GRC, but only by "[a] person who is denied access to a government record by the custodian of the record." N.J.S.A. 47:1A-6.

In determining whether a particular action or inaction constitutes a "denial" of access permitting the filing of a complaint with the GRC under N.J.S.A. 47:1A-6, we are required to "read and construe[]" the term in context and, "unless inconsistent with the manifest intent of the [L]egislature or unless another or different meaning is expressly indicated," give the term its "generally accepted meaning, according to the approved usage of the language." N.J.S.A. 1:1-1. The ordinary meaning of the term "deny" is "to give a negative answer to" or "refuse to grant." Deny, MERRIAM-WEBSTER DICTIONARY ONLINE, https://www.meriam-webster.com/dictionary/deny (last visited May 25, 2020).

Applying the ordinary meaning of "deny" to N.J.S.A. 47:1A-6, we interpret the statute to authorize the filing of a GRC complaint where a custodian

actually refuses access to a government record or responds in the negative to a request for a government record.[4] Neither circumstance is present here.

The Moorestown custodian of records did not grant or deny access to the requested record prior to the filing of Smith's complaint. Instead, the custodian simply had not responded to Smith's request prior to his filing of the GRC complaint. Under the ordinary meaning of the term "deny," the Moorestown custodian took no action for which N.J.S.A. 47:1A-6 authorized the filing of a complaint with the GRC, and, for that reason alone, the GRC properly dismissed Smith's complaint as unripe and premature. The plain language of N.J.S.A. 47:1A-6 does not authorize the filing of a GRC complaint until such a denial takes place, and no such denial occurred here.

---

[4] We recognize that refusal of access may occur in different ways. For example, a custodian of records may directly communicate a refusal to provide access to the requestor. In addition, a custodian of records violates OPRA by refusing to provide access by improperly redacting government records that are otherwise produced, see, e.g., American Civil Liberties Union of N.J. v. N.J. Division of Criminal Justice, 435 N.J. Super. 533, 536 (App. Div. 2014), or by failing to provide access to all of the requested records, see, e.g., Scheeler v. Office of the Governor, 448 N.J. Super. 333, 343-45, 349 (App. Div. 2017) (determining the plaintiffs were entitled to all the records they sought because "OPRA requires defendants to provide access to [government] records upon request, unless they are exempt from disclosure). As we explain, the Moorestown custodian of records did not in any manner refuse to provide access to the requested record before Smith filed his complaint with the GRC.

In our interpretation of N.J.S.A. 47:1A-6, we are not limited to the ordinary meaning of the term "denied," because, as noted, N.J.S.A. 47:1A-5(i) provides for another circumstance in which a request for a government record shall be deemed denied. We therefore also interpret the term "denied" in N.J.S.A. 47:1A-6 "in context with [the] related provision[, N.J.S.A. 47:1A-5(i),] so as to give sense to the legislation as a whole[.]" Fraternal Order of Police, Newark Lodge No. 12 v. City of Newark, 459 N.J. Super. 458, 484 (App. Div. 2019).

As we have explained, the Legislature chose not to deem a failure to provide a requested record "as soon as possible" under N.J.S.A. 47:1A-5(i) a denial of access to the government record. If the Legislature had intended to render such a failure a denial of access, it would have included it in the statutory language deeming a failure to grant or deny access to a record within seven business days a denial of the request for access. See N.J.S.A. 47:1A-5(i); see also N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 441 N.J. Super. 70, 112 (App. Div. 2015) ("We must 'read every word in a statute as if it was deliberately chosen and presume that omitted words were excluded purposefully.'" (quoting State v. Scott, 429 N.J. Super. 1, 6-7 (App. Div. 2012)), aff'd in part and rev'd in part on other grounds, 229 N.J. 541 (2017)). As noted, it is neither the GRC's

role nor ours to write into OPRA that which the Legislature clearly chose not to include. See Lippman, 222 N.J. at 381.

In sum, Smith was not denied access to a government record within the meaning of N.J.S.A. 47:1A-6, and the statute therefore did not authorize the filing of his complaint with the GRC. As the GRC implicitly determined, it was not until the Moorestown custodian of records actually denied Smith's request or refused to provide the requested access, or failed to either grant or deny the request within seven business days of the request, that N.J.S.A. 47:1A-6 permitted the filing of the complaint. See Mason v. City of Hoboken, 196 N.J. 51, 76 (2008) (explaining OPRA "requires that an agency provide access or a denial no later than seven business days after a request"). The Moorestown custodian of records provided Smith access on the sixth business day. Thus, the GRC's decision to dismiss the complaint as unripe and premature is supported by the plain language of N.J.S.A. 47:1A-6 because, at the time the complaint was filed, the Moorestown custodian of records had not actually denied Smith access to the requested record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0168-19T1