57 A.3d 552

STEPHEN E. BURKE, PLAINTIFF–APPELLANT, v. RAYMOND BRANDES, ASSISTANT COUNSEL TO THE GOVERNOR OF THE STATE OF NEW JERSEY; CUSTODIAN OF RECORDS OF THE OFFICE OF THE GOVERNOR OF THE STATE OF NEW JERSEY; AND THE OFFICE OF THE GOVERNOR OF THE STATE OF NEW JERSEY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 13, 2012—Decided December 7, 2012.

Before Judges PARRILLO, SABATINO and MAVEN.

*Donald F. Burke* argued the cause for appellant.

*Laszlo M. Szabo,* Deputy Attorney General, argued the cause for respondent (*Jeffrey S. Chiesa,* Attorney General, attorney; *Lewis A. Scheindlin,* Assistant Attorney General, of counsel; *Mr. Szabo* and *Carl A. Wyhopen,* Deputy Attorney General, on the briefs).

The opinion of the court was delivered by

PARRILLO, P.J.A.D.

Plaintiff Stephen Burke submitted a request under the Open Public Records Act (OPRA), *N.J.S.A.* 47:1A–1 to –13, to the Office

of the Governor for government records in its possession or control regarding "EZ Pass benefits afforded to retirees of the Port Authority, including all ... correspondence between the Office of the Governor ... and the Port Authority ..."[1] The custodian of records for the Governor's Office timely denied plaintiff's request on the basis that it was overbroad, citing *MAG Entm't, LLC v. Div. of Alcoholic Beverage Control*, 375 *N.J.Super.* 534, 549, 868 *A.*2d 1067 (App.Div.2005), for the proposition that "OPRA does not countenance open-ended searches of an agency's files." Nevertheless, the Governor's Office did conduct a review of its files and provided plaintiff with one document,[2] but withheld all other records identified as responsive, claiming privilege and other recognized exceptions to OPRA.

As a result, plaintiff filed a verified complaint in the Law Division pursuant to *N.J.S.A.* 47:1A–6, alleging defendants violated OPRA by refusing to disclose the requested records. Having determined that the action would proceed summarily, *Rule* 4:67–1(a) and *N.J.S.A.* 47:1A–6, the trial court issued an order to show cause, and thereafter defendants moved to dismiss the complaint.[3] On the return date, following argument, the court dismissed plaintiff's complaint, finding his OPRA request overbroad, reasoning:

[1] A related request for records concerning the "legal obligation of the Port Authority to continue affording benefits to Port Authority retirees" is not the subject of this appeal, inasmuch as the Governor's Office has not identified any responsive records to that particular request after a search of its files.

[2] The document was a press release from the Office of the Governor entitled "Governor Chris Christie Applauds Action to Remove E–Z Pass Perks at the Port Authority of NY/NJ."

[3] Plaintiff also served a notice in lieu of subpoena on defendants demanding the production of certain witnesses as well as "documents, including emails and other correspondence, reflecting efforts taken by the custodian of records to *search* his or her files to *find* the identifiable government records listed in the plaintiff's OPRA request." Thereafter, the court entered an order finding plaintiff's notice in lieu of subpoena was untimely under *Rule* 1:9–1 and directing oral argument only, and not testimony, at the return date hearing.

> So although plaintiff's request here was limited to a single subject matter area, and that is E–ZPass benefits for retirees, the [c]ourt finds that it's lacking in the specificity that's required under OPRA as OPRA has been interpreted by the case law .... Also, plaintiff did not limit the request to any one type of record, but sought all government records, including but not limited to ... written or electronic correspondence. It was that plus everything else. There wasn't a request for documents authorized by specific individuals.... [A]gain, I think there would have to be some discretion ... applied as to whether or not a particular document would be responsive or not.

This appeal by plaintiff follows.

■■■ "We review *de novo* the issue of whether access to public records under OPRA and the manner of its effectuation are warranted." *MAG Entm't, LLC v. Div. of Alcoholic Beverage Control,* 375 *N.J.Super.* 534, 543, 868 *A.*2d 1067 (App.Div.2005). We therefore begin with an analysis of OPRA's purpose, which is "to maximize public knowledge about public affairs in order to ensure an informed citizenry and to minimize the evils inherent in a secluded process.'" *Mason v. City of Hoboken,* 196 *N.J.* 51, 64, 951 *A.*2d 1017 (2008) (quoting *Asbury Park Press v. Ocean Cnty. Prosecutor's Office,* 374 *N.J.Super.* 312, 329, 864 *A.*2d 446 (Law Div.2004)). OPRA advances that public policy goal by making government records "readily accessible for inspection, copying, or examination by the citizens of this State, with certain exceptions, for the protection of the public interest." *N.J.S.A.* 47:1A–1. To that end, the statute defines a "government record" broadly, *Times of Trenton Publ'g Corp. v. Lafayette Yard Cmty. Dev. Corp.,* 183 *N.J.* 519, 535, 874 *A.*2d 1064 (2005), to include:

> any paper, written or printed book, document, drawing, map, plan, photograph, microfilm, data processed or image processed document, information stored or maintained electronically or by sound-recording or in a similar device, or any copy thereof, that has been made, maintained or kept on file in the course of ... official business ... or that has been received in the course of ... official business....
> [*N.J.S.A.* 47:1A–1.1.]

Although this definition excludes various types of information deemed confidential, *ibid.,* thereby "'reduc[ing] the universe of publicly-accessible information[,]'" *MAG Entm't, supra,* 375 *N.J.Super.* at 546, 868 *A.*2d 1067 (quoting *Bergen Cnty. Improvement Auth. v. North Jersey Media Group, Inc.,* 370 *N.J.Super.*

504, 516–17, 851 *A*.2d 731 (App.Div.), *cert. denied*, 182 *N.J.* 143, 861 *A*.2d 847 (2004)), given the strong public policy underlying OPRA, "any limitations on the right of access ... shall be construed in favor of the public's right of access." *N.J.S.A.* 47:1A–1.[4]

That said, agencies are only obligated to disclose identifiable government records. *MAG Entm't, supra*, 375 *N.J.Super.* at 549, 868 *A*.2d 1067. The statute "only allows requests for records, not requests for information." *Bent v. Twp. of Stafford Police Dep't*, 381 *N.J.Super.* 30, 37, 884 *A*.2d 240 (App.Div.2005). A proper request "must identify with reasonable clarity those documents that are desired." *Ibid.* "Wholesale requests for general information to be analyzed, collated and compiled" by the agency are outside OPRA's scope. *MAG Entm't, supra*, 375 *N.J.Super.* at 549, 868 *A*.2d 1067. "In short, OPRA does not countenance open-ended searches of an agency's files." *Ibid.; see also Spectraserv, Inc. v. Middlesex Cnty. Utils. Auth.*, 416 *N.J.Super.* 565, 576, 7 *A*.3d 231 (App.Div.2010).

Nor is OPRA "intended as a research tool litigants may use to force government officials to identify and siphon useful information." *MAG Entm't, supra*, 375 *N.J.Super.* at 546, 868 *A*.2d 1067. Furthermore, if a request "would substantially disrupt agency operations, the custodian may deny access to the record after attempting to reach a reasonable solution with the requestor that accommodates the interests of the requestor and the agency." *N.J.S.A.* 47:1A–5(g).

For instance, in *Bent, supra*, the plaintiff filed an OPRA request with a township custodian seeking the "entire file" of his criminal

---

[4] A person who is denied access to a government record requested under OPRA may challenge that denial in the Law Division or by filing a complaint with the Government Records Council (GRC). *N.J.S.A.* 47:1A–6. "Any such proceeding shall proceed in a summary or expedited manner" and the agency has the burden of proving that the denial of access was lawful. *Ibid.* An individual who successfully challenges a denial of access "shall be entitled to a reasonable attorney's fee." *Ibid.*

investigation, as well as "the factual basis underlying documented action and advice to third parties to act against my interest." 381 *N.J.Super.* at 33–34, 884 *A.*2d 240. We held this was an invalid general request for information that "neither identifies nor describes with any specificity or particularity the records sought." *Id.* at 39, 884 *A.*2d 240. Instead, the plaintiff "sought general information to support his unsubstantiated claim of police misconduct." *Ibid.* Rather than simply locate and disclose records, the township would have been forced to analyze and evaluate information to respond to the request, and an agency has no such duty under OPRA. *Id.* at 40, 884 *A.*2d 240.

In *MAG Entm't, supra,* the plaintiff requested "all documents or records evidencing that the Division of Alcoholic Beverage Control (ABC) sought, obtained or ordered" (1) "revocation of a liquor license for the charge of selling alcoholic beverages to an intoxicated person in which such person, after leaving the licensed premises, was involved in a fatal auto accident"; and (2) "suspension of a liquor license exceeding 45 days for charges of lewd or immoral activity." 375 *N.J.Super.* at 539–40, 868 *A.*2d 1067. The plaintiff did not identify any specific case nor provide a time frame, but demanded that the records supplied set forth all sorts of information related to each case, such as "the substance of the allegations made" and "the names and addresses of all persons involved, including all witnesses and counsel." *Id.* at 540, 868 *A.*2d 1067. In holding that the request was an improper demand for research, we stated:

> [Plaintiff] provided neither names nor any identifiers other than a broad generic description of a brand or type of case prosecuted by the agency in the past. Such an open-ended demand required the [defendant's] records custodian to manually search through all of the agency's files, analyze, compile and collate the information contained therein, and identify for [plaintiff] the cases [relevant] to its selective enforcement defense.... Further, once the cases were identified, the records custodian would then be required to evaluate, sort out, and determine the documents to be produced and those otherwise exempted.
>
> [*Id.* at 549, 868 *A.*2d 1067.]

The plaintiff in *N.J. Builders Ass'n v. N.J. Council on Affordable Housing,* 390 *N.J.Super.* 166, 915 *A.*2d 23 (App.Div.), *certif.*

*denied,* 190 *N.J.* 394, 921 *A.*2d 448 (2007), made an OPRA request that consisted of a series of demands, each of which sought "any and all documents and data" relevant to various determinations the defendant agency had made concerning its fair-share housing obligations. *Id.* at 172, 915 *A.*2d 23. For instance, the plaintiff demanded "[a]ny and all documents and data which [were] relied upon, considered, reviewed, or otherwise utilized by any employee or staff member ... in calculating the second proposed third round affordable housing methodology and the regulations proposed on July 13, 2004...." *Ibid.* We held the agency had no duty under OPRA to respond to the request because "[r]ather than specifically describing the documents sought," the plaintiff asked the agency "to identify documents, which is [the agency's] obligation under OPRA." *Id.* at 178, 915 *A.*2d 23.

In contrast, in *Burnett v. County of Gloucester,* 415 *N.J.Super.* 506, 2 *A.*3d 1110 (App.Div.2010), we found an "any and all" request to be sufficiently specific. In that case, the plaintiff submitted a request to the county on March 14, 2008 asking for "[a]ny and all settlements, releases or similar documents entered into, approved or accepted from 1/1/2006 to present." *Id.* at 508–09, 2 *A.*3d 1110. The fact that the plaintiff did not specify matters to which the settlements related "did not render his request a general request for information obtained through research, rather than a request for a specific record." *Id.* at 513–14, 2 *A.*3d 1110.

■ Plaintiff's request here was confined to a specific subject matter that was clearly and reasonably described with sufficient identifying information, namely, E–ZPass benefits provided to Port Authority retirees. As in *Burnett, supra,* the request was limited to particularized identifiable government records, namely, correspondence with another government entity, rather than information generally. Although the request referred to "records," plaintiff made clear at oral argument before the Law Division, as did his initial submission, that he was specifically seeking written

or electronic correspondence between the Governor's Office and the Port Authority.[5]

Unlike *MAG Entm't, supra,* which entailed a laborious search of the agency's case files to ascertain not only which matters matched the description in the plaintiff's request, but which documents had to be produced or were otherwise exempted, plaintiff's request here did not require the custodian to conduct research, or to collect, collate and analyze data. On the contrary, as the Law Division judge herself recognized, responsive records could have readily been identified, located and produced from a routine search of files pertaining to a very narrowly specified topic. And in stark contrast to *N.J. Builders Ass'n, supra,* where the custodian was required to use his judgment and identify documents that were "relied upon, considered, reviewed, or otherwise utilized" by the agency in making certain determinations, 390 *N.J.Super.* at 172, 915 *A.2d* 23 plaintiff's request in this case demanded neither analysis, nor the exercise of judgment in identifying responsive records.

Indeed, the fact that the custodian of records in this case actually performed a search and was able to locate and identify records responsive to plaintiff's request belies any assertion that the request was lacking in specificity or was overbroad. Moreover, no evidence was adduced to suggest that responding to plaintiff's request would disrupt the operations of the Governor's Office—much less substantially so—*N.J.S.A.* 47:1A–5(g), or involve too arduous a task to complete. As noted, the custodian was able to determine precisely what records were being requested and to locate them successfully.

Because plaintiff described the records sought with the requisite specificity and narrowed the scope of the inquiry to a discrete and

---

[5] Plaintiff maintained before the Law Division that "[t]his is a very, very specific narrowly drawn request for correspondence.... We're looking for correspondence and it's a very narrowly drawn simple request that doesn't run afoul of OPRA."

limited subject matter, we conclude his request was neither vague nor overbroad. The request sought the records themselves, not data, information or statistics to be extracted, gleaned or otherwise derived therefrom. Involving no research or analysis, but only a search for, and production of, what proved to be readily identifiable records, plaintiff's properly circumscribed and tailored request was wrongly invalidated as overbroad.

## II

Because it denied plaintiff's OPRA request as overbroad, the Law Division further rejected plaintiff's claim that defendants had to provide a privilege log or otherwise justify withholding the documents the Governor's Office identified as responsive. Of course, in light of our determination today, a remand is necessary to resolve defendants' claims of privilege and exemption.[6] On this score, we simply note that OPRA requires that "[i]f the custodian is unable to comply with a request for access, the custodian shall indicate the specific basis therefor on the request form and promptly return it to the requestor." *N.J.S.A.* 47:1A–5(g). Where a statutorily-recognized basis for confidentiality is being asserted to withhold a government record:

an agency need not reveal the contents and should be guided by the standard included in *R.* 4:10–2(e), which permits a party claiming privilege to "describe the nature of the documents ... not produced or disclosed in a manner that, *without revealing information itself privileged or protected,* will enable other parties to assess the applicability of the privilege or protection."

[*Paff v. N.J. Dep't of Labor,* 379 *N.J.Super.* 346, 354, 878 *A.*2d 31 (App.Div.2005).]

A mere assertion of privilege, as made in this case, simply does not suffice.

Reversed and remanded for further proceedings consistent with this opinion.

---

6 By the same token, we consider moot plaintiff's claim of entitlement to a plenary hearing, *Rule* 4:67–5, concerning the custodian's records search in order to challenge the agency's "overbroad" determination.