NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0837-15T2

ALEXIS SERRINGER,

 Plaintiff-Appellant,

v.

OFFICE OF THE GOVERNOR
OF THE STATE OF NEW
JERSEY,

 Defendant-Respondent.

________________________________________________________________

 Argued January 18, 2017 – Decided June 16, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Mercer County, Docket
 No. L-1377-15.

 Eric Dixon argued the cause for appellant.

 Raymond R. Chance, III, Assistant Attorney
 General, argued the cause for respondent
 (Christopher S. Porrino, Attorney General,
 attorney; Mr. Chance, of counsel; Valentina
 M. DiPippo, Deputy Attorney General, on the
 brief).

PER CURIAM
 Plaintiff, Alexis Serringer, appeals from the Law Division's

order dismissing her complaint that sought the production of

documents from defendant, Office of the Governor of the State of

New Jersey, pursuant to the Open Public Records Act (OPRA),

N.J.S.A. 47:1A-1 to -13. Plaintiff submitted an OPRA request to

defendant to provide all correspondence between it and Choose New

Jersey, Inc. (Choose NJ) between January 1, 2013 and April 24,

2015. The request defined correspondence, but did not state the

subject matter of the records sought. Defendant denied the request

as overbroad, advised plaintiff of its technological limitations,

and explained she could submit a new, more narrowly tailored OPRA

request. Instead of responding, plaintiff filed this action.

After considering plaintiff's complaint and the parties'

arguments, Assignment Judge Mary C. Jacobson found that

plaintiff's request was overbroad as it was not restricted to a

discrete and limited subject matter and dismissed plaintiff's

complaint with prejudice. On appeal, plaintiff challenges the

judge's determination, arguing that her request was not overbroad,

but was as specific as possible because she limited it to written

communications, including facsimiles and e-mails, specified a date

range, and narrowed the subject matter to Choose NJ. We disagree

and affirm.

 2 A-0837-15T2
 The facts are not in dispute. On April 25, 2015, plaintiff

submitted an OPRA request to defendant requesting that it

"[p]rovide all correspondence between (a) your office and (b)

[Choose NJ], dated between January 1, 2013 and April 24, 2015.

This correspondence is defined to include communications in paper,

fax or e-mail format including e-mails sent to or received from

'choosenj.com.'" On May 11, 2015, citing Spectraserv, Inc. v.

Middlesex County Utility Authority, 416 N.J. Super. 565, 576 (App.

Div. 2010) and New Jersey Builders Ass'n v. New Jersey Council on

Affordable Housing, 390 N.J. Super. 166, 171, 178 (App. Div.),

certif. denied, 190 N.J. 394 (2007), defendant denied the request

on the basis that it was overbroad and invalid. Defendant advised

plaintiff that she could submit a new, more narrowly tailored OPRA

request. Specifically, defendant stated:

 If there are specific records that you seek,
 please identify them as explicitly as possible
 and we will attempt to locate the records for
 you. If you choose to do so, please be advised
 that due to current technological limitations
 in our Office's email system, we cannot
 perform office-wide email searches or searches
 for more than one keyword at a time. In
 addition, due to our system's limitations, we
 need the names of specific employees whose
 records you would like us to search using an
 identified keyword. To summarize, if you
 would like us to search for correspondence,
 in a new OPRA request, please identify the
 specific custodians whose accounts you would
 like searched, a specific subject matter and
 a limited date range.

 3 A-0837-15T2
 Plaintiff did not respond to defendant's letter or submit a

revised OPRA request. Instead, she commenced this action. After

the parties made written submissions, Judge Jacobson considered

their oral arguments on September 16, 2015, dismissed plaintiff's

complaint, and placed her reasons on the record in a comprehensive

oral decision.

 Relying on MAG Entertainment, LLC v. Division of Alcoholic

Beverage Control, 375 N.J. Super. 534 (App. Div. 2005), the judge

reviewed the procedure for making an OPRA request and observed

that it is the requester's obligation to "identify with reasonable

clarity those documents that are desired, and that a party cannot

satisfy this requirement by simply requesting all of an agency's

documents." She further stated that plaintiff's refusal to put

any limitations on the approximately 140 employees whose files

needed to be searched demonstrated over-breadth because "every

single one of them[,] their e-mail accounts[,] and their paper

record[s would have to be searched] without any topic limitation

whatsoever."

 Judge Jacobson acknowledged that defendant could have

conducted a "reasonable search," but found that it "wouldn't have

been responsive to the actual request that was received" because

it is not "incumbent upon the agency under the law to provide a

 4 A-0837-15T2
partial [response] that would answer some but not the whole

request." She also distinguished this case from Burke v. Brandes,

429 N.J. Super. 169 (App. Div. 2012), reasoning that unlike the

request in Burke for "E-ZPass benefits provided to Port Authority

retirees," there was no "discrete and limited subject matter"

articulated here. On September 17, 2015, the judge entered an

order memorializing her oral decision. This appeal followed.

 "We review a trial judge's legal conclusions concerning

access to public records under OPRA de novo[, but w]e will not

disturb factual findings as long as they are supported by adequate,

substantial and credible evidence." Paff v. Galloway Twp., 444

N.J. Super. 495, 501 (App. Div.), certif. granted, 227 N.J. 24

(2016) (citations omitted).

 "Any analysis of OPRA must begin with the recognition that

the Legislature created OPRA intending to make government records

'readily accessible' to the state's citizens 'with certain

exceptions[] for the protection of the public interest.'" Gilleran

v. Bloomfield, 227 N.J. 159, 170 (2016) (alteration in original)

(quoting N.J.S.A. 47:1A-1); see also Mason v. City of Hoboken, 196

N.J. 51, 65 (2008). To effectuate that purpose, OPRA establishes

a comprehensive framework for access to public records. Mason,

supra, 196 N.J. at 57. OPRA requires, among other things, prompt

 5 A-0837-15T2
disclosure of records and provides different procedures to

challenge a custodian's decision denying access. Ibid.

 In assessing the sufficiency of the agency's proofs submitted

in support of its claim for nondisclosure, "a court must be guided

by the overarching public policy in favor of a citizen's right of

access." Courier News v. Hunterdon Cty. Prosecutor's Office, 358

N.J. Super. 373, 383 (App. Div. 2003) (citing N.J.S.A. 47:1A-1).

Absent the necessary proofs, "a citizen's right of access is

unfettered." Ibid. If it is determined access has been improperly

denied, the access sought shall be granted. Id. at 378 (citing

N.J.S.A. 47:1A-6).

 Despite that public policy, OPRA does not "'authorize a party

to make a blanket request for every document' a public agency has

on file. . . . Rather, a party requesting access to a public

record under OPRA must specifically describe the document sought."

Bent v. Twp. of Stafford Police Dept., Custodian of Records, 381

N.J. Super. 30, 37 (App. Div. 2005) (quoting Gannett N.J. Partners

L.P. v. Cty. of Middlesex, 379 N.J. Super. 205, 219 (App. Div.

2005)). "While OPRA provides [a] . . . means of access to

government documents not otherwise exempted from its reach, it is

not intended as a research tool litigants may use to force

government officials to identify and siphon useful information."

Lagerkvist v. Office of Governor of State, 443 N.J. Super. 230,

 6 A-0837-15T2
236 (App. Div. 2015) (alterations in original) (quoting MAG Entm't,

LLC, supra, 375 N.J. Super. at 546).

 Blanket requests for unspecified documents are not "a proper

request under OPRA[. The request] must identify with reasonable

clarity those documents that are desired, and a party cannot

satisfy this requirement by simply requesting all of an agency's

documents." Bent, supra, 381 N.J. Super. at 37. "OPRA does not

authorize unbridled searches of an agency's property," ibid., that

"would substantially disrupt agency operations[. T]he custodian

may deny . . . [it and] . . . attempt[] to reach a reasonable

solution . . . that accommodates the interests of the requestor

and the agency." N.J.S.A. 47:1A-5(g). A proper OPRA request must

state a "specific subject matter that [is] clearly and reasonably

described with sufficient identifying information . . . ." Burke,

supra, 429 N.J. Super. at 176.

 In order to limit a blanket request, the subject matter of

the type of document sought should be identified in the request.

We have determined requests that identified a specific subject

matter with sufficient identifying information were not overly

broad even where a custodian was required to search and locate

records according to a specific topic area. For example, a request

for "[a]ny and all settlements, releases or similar documents

entered into, approved or accepted from 1/1/2006 to present" was

 7 A-0837-15T2
permitted by OPRA. Burnett v. Cty. of Gloucester, 415 N.J. Super.

506, 508 (App. Div. 2010) (alteration in original). "The fact

that the plaintiff did not specify matters to which the settlements

related 'did not render his request a general request for

information obtained through research, rather than a request for

a specific record.'" Burke, supra, 429 N.J. Super. at 177 (quoting

Burnett, supra, 415 N.J. Super. at 513-14). We have also permitted

an OPRA request, which was confined to a specific subject matter

and that clearly and reasonably described the documents requested

with sufficient identifying information. See id. at 172, 176, 178

(addressing a request for documents relating to E-ZPass benefits

provided to Port Authority retirees). We concluded that the

request for the specific documents was limited to particularized

identifiable government records, namely, correspondence with

another government entity, rather than information generally. Id.

at 176. These permissible requests did not require a custodian

to exercise discretion, survey employees, or conduct research,

rather, the responsive records are self-evident. See id. at 177.

 With these guiding principles in mind, we conclude from our

review that plaintiff's request was overly broad. Plaintiff's

failure to identify a subject matter for the correspondence

exchanged between defendant and Choose NJ would have required

every employee in defendant's office to engage in a search of all

 8 A-0837-15T2
of defendant's files to locate responsive documents, including a

search of documents sent between every one of defendant's present

and past employees and Choose NJ. "This was no 'routine search

of files pertaining to a very narrowly specified topic.'"

Lagerkvist, supra, 443 N.J. Super. at 237 (quoting Burke, supra,

429 N.J. Super. at 177). Plaintiff's "inquiry clearly exceeded

the limits of OPRA. The denial of access was proper." Ibid.

 Affirmed.

 9 A-0837-15T2