NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4726-14T1

JEFF CARTER,

 Appellant,

v.

FRANKLIN FIRE DISTRICT
NO. 2 (Somerset) Custodian
of Records,

 Respondent.

_____________________________

 Argued October 5, 2017 – Decided November 22, 2017

 Before Judges Simonelli, Rothstadt and Gooden
 Brown.

 On appeal from New Jersey Government Records
 Council, Docket No. 2012-05.

 Walter M. Luers argued the cause for
 appellant.

 Dominic P. DiYanni argued the cause for
 respondent Franklin Fire District No. 2 (Eric
 M. Bernstein & Associates, LLC, attorneys; Mr.
 DiYanni, of counsel and on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Government Records
 Counsel (Debra A. Allen, Deputy Attorney
 General, on the brief).
 Alexi M. Velez argued the cause for amicus
 curiae American Civil Liberties Union of New
 Jersey Foundation (American Civil Liberties
 Union of New Jersey Foundation, attorneys;
 Edward L. Barocas, Jeanne LoCicero, Alexander
 Shalom and Iris Bromberg, on the brief).

PER CURIAM

 Complainant, Jeff Carter, appeals from the Government Records

Council's (GRC) Final Decision, finding his request to the

Custodian of Public Records for the Franklin Fire District No. 2

(District), under the Open Public Records Act (OPRA), N.J.S.A.

47:1A-1 to -13, was invalid because it was overly broad and failed

to specifically identify the records sought. He also appeals from

the GRC's determination that he was not entitled to reasonable

attorney's fees under N.J.S.A. 47:1A-6. Carter's primary claims

on appeal are that the GRC committed reversible error when it

found that his request was invalid, even though the records

custodian never replied to his original complaint, and when it

determined that he was not entitled to reasonable attorney's fees

as a "catalyst." He also argues the GRC should have referred the

matter to the Office of Administrative Law (OAL) to determine

whether the custodian knowingly and willfully violated OPRA. We

disagree and affirm.

 The facts found by the GRC are not disputed and are summarized

as follows. On December 18, 2011, Carter submitted an OPRA request

 2 A-4726-14T1
to the District for all purchase orders, vouchers, purchase order

vouchers and warrants, including invoices/attachments for each

record regarding "[f]inancial software used by the District to

process its monetary disbursements (including any reasonably

construed variation thereof)." His request did not include any

limiting information, such as a date range or names of any

individuals or entities. The District did not respond to Carter's

request.

 When the District failed to respond, Carter filed a denial

of access complaint with the GRC on January 9, 2012. The next

day, the GRC sent a request for a Statement of Information (SOI)

to the District's records custodian so that he could present the

District's reasons for not responding to Carter. The District's

records custodian did not respond to the request. The GRC sent a

letter to the custodian advising the custodian that if an SOI was

not submitted, Carter's complaint would "proceed to adjudication

based only on the information submitted in the [d]enial of [a]ccess

[c]omplaint." The custodian did not respond.

 The GRC reviewed Carter's complaint and determined that under

OPRA, the District's failure to respond to Carter's request was

deemed a denial of the request and could result in a violation of

OPRA. However, the GRC found that Carter's request was invalid

because the:

 3 A-4726-14T1
 OPRA request [was] overly broad and failed to
 specifically identify the records sought, and
 because OPRA does not require custodians to
 research files to discern which records may
 be responsive to a request, the custodian
 would have no legal duty to conduct research
 to locate records potentially responsive to
 [Carter's] request.

It concluded that because Carter was not a prevailing party under

OPRA, he was not entitled to an award of attorney's fees as

provided for in N.J.S.A. 47:1A-6.1

 The GRC sent its Final Decision to all parties on June 28,

2012. Carter filed a motion for reconsideration that the GRC

denied.

 Carter filed an appeal from the GRC's Final Decision. In

response, the GRC sought remand, which we granted. On remand, the

GRC issued an interim order directing "the current [c]ustodian

[to] provide additional facts regarding his ability to respond to

[Carter's] OPRA request." The GRC also decided that it would re-

evaluate whether Carter was the prevailing party, and whether the

custodian knowingly and willfully violated OPRA when it received

the custodian's response. The District's records custodian

responded by filing an SOI, in which he asserted Carter's request

was invalid because it "failed to include a date or range of dates,

1
 N.J.S.A. 47:1A-6 states in pertinent part: "A requestor who
prevails in any proceeding shall be entitled to a reasonable
attorney's fee."

 4 A-4726-14T1
clear subject matter, and identifiable parties." Carter responded

to the custodian's SOI, contending that the GRC's decision

invalidating his OPRA request was improper and not in accordance

with our opinion in Burke v. Brandes, 429 N.J. Super. 169 (App.

Div. 2012).

 After considering the parties' submissions, on May 28, 2015,

the GRC issued a Final Decision, in which it agreed with the

reasons provided in the District's records custodian's SOI, and

it re-adopted its earlier findings set forth in its original Final

Decision. This appeal followed.

 We begin our review of the GRC's decision by acknowledging

that it "is governed by the same standards as review of a decision

by any other state agency," Fisher v. Division of Law, 400 N.J.

Super. 61, 70 (App. Div. 2008) (citing Serrano v. South Brunswick

Township, 358 N.J. Super. 352, 362 (App. Div. 2003)), and is

therefore limited. In re Stallworth, 208 N.J. 182, 194 (2011).

We "will not overturn an agency's decision unless it violates

express or implied legislative policies, is based on factual

findings that are not supported by substantial credible evidence,

or is arbitrary, capricious or unreasonable." Fisher, supra, 400

N.J. Super. at 70 (citing Aqua Beach Condo. Ass'n v. Dep't of

Cmty. Affairs, 186 N.J. 5, 15-16 (2006)).

 5 A-4726-14T1
 "We exercise plenary review over" the GRC's interpretation

of OPRA. Carter v. Doe (In re N.J. Firemen's Ass'n Obligation),

230 N.J. 258, 273 (2017) (citing State v. Williams, 218 N.J. 576,

586 (2014)); see also Asbury Park Press v. Cty. of Monmouth, 406

N.J. Super. 1, 6 (App. Div. 2009), aff'd o.b., 201 N.J. 5 (2010).

"[D]eterminations about the applicability of OPRA and its

exemptions are legal conclusions, and are therefore subject to de

novo review." Carter, supra, 230 N.J. at 273-74 (citations

omitted); see also O'Shea v. Twp. of W. Milford, 410 N.J. Super.

371, 379 (App. Div. 2009). However, "under our deferential

standard of review, we give weight to the GRC's interpretation of

OPRA." McGee v. Twp. of E. Amwell, 416 N.J. Super. 602, 616 (App.

Div. 2010) (citing Blecker v. State, 323 N.J. Super. 434, 442

(1999)). "We do not, however, simply rubber stamp the agency's

decision." Bart v. City of Paterson Hous. Auth., 403 N.J. Super.

609, 618 (App. Div. 2008) (quoting Paff v. N.J. Dep't of Labor,

392 N.J. Super. 334, 340 (App. Div. 2007)), certif. denied, 198

N.J. 316 (2009).

 In our review, we are mindful of the public policy in these

matters. "Any analysis of OPRA must begin with the recognition

that the Legislature created OPRA intending to make government

records 'readily accessible' to the state's citizens 'with certain

exceptions[] for the protection of the public interest.'" Gilleran

 6 A-4726-14T1
v. Bloomfield, 227 N.J. 159, 170 (2016) (alteration in original)

(quoting N.J.S.A. 47:1A-1). OPRA expresses New Jersey's public

policy favoring transparency in government and disclosure of

government documents. See N.J.S.A. 47:1A-1. It endeavors to

"maximize public knowledge about public affairs in order to ensure

an informed citizenry and to minimize the evils inherent in a

secluded process." Times of Trenton Publ'g Corp. v. Lafayette

Yard Cmty. Dev. Corp., 183 N.J. 519, 535 (2005) (citation omitted).

"[A]ny limitations on the right of access . . . shall be construed

in favor of the public's right of access." N.J.S.A. 47:1A-1.

 Despite that public policy, OPRA does not "'authorize a party

to make a blanket request for every document' a public agency has

on file. Rather, a party requesting access to a public record

under OPRA must specifically describe the document sought." Bent

v. Twp. of Stafford Police Dep't, 381 N.J. Super. 30, 37 (App.

Div. 2005) (citations omitted). "While OPRA provides [a] . . .

means of access to government documents not otherwise exempted

from its reach, it is not intended as a research tool litigants

may use to force government officials to identify and siphon useful

information." Lagerkvist v. Office of Governor of State, 443 N.J.

Super. 230, 236 (App. Div. 2015) (alterations in original) (quoting

MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J.

Super. 534, 546 (App. Div. 2005)). A valid request "must identify

 7 A-4726-14T1
with reasonable clarity those documents that are desired, and a

party cannot satisfy this requirement by simply requesting all of

an agency's documents." Bent, supra, 381 N.J. Super. at 37; see

also Burke, supra, 429 N.J. Super. at 176.

 Requests for "particularized identifiable government

records . . . rather than information generally" are permissible.

Burke, supra, 429 N.J. Super. at 176. Requests that identify a

specific subject matter with sufficient identifying information

are not overly broad, even where a custodian is required to search

and locate records according to a specific topic area. See, e.g.,

Burnett v. Cty. of Gloucester, 415 N.J. Super. 506, 508 (App. Div.

2010).

 Applying these guiding principles, we conclude from our

review that the GRC correctly determined Carter's OPRA request

failed to include necessary identifying information, such as date

ranges, clear subject matter, and recognizable parties. Although

Carter specified the type of document he was seeking, without

including these other identifiers, his request amounted to a

blanket request for access to records over an unlimited period of

time. Without a specified date range, or vendor name, the request

would require the custodian to decipher purchasing records

surrounding the financial software, updates to the software, prior

software versions, and any other products related to the software.

 8 A-4726-14T1
By including a request for not only "all" documents, but also "any

reasonably construed variation thereof," a response would require

the custodian to conduct research to uncover all years of invoices,

vouchers and checks to find anything related to financial software

used by the District. As such, it was an improper request. See

Bent, supra, 381 N.J. Super. at 37 (holding that a party requesting

access to a public record under OPRA must specifically describe

the document sought); see also Spectraserv, Inc. v. Middlesex Cty.

Utils. Auth., 416 N.J. Super. 565, 578 (App. Div. 2010) (holding

that a denial is justified where compliance was overly cumbersome

and time consuming). Carter's arguments to the contrary are

without any merit.

 We similarly find Carter's argument that the GRC arbitrarily

shifted the burden of proof from the custodian to him in violation

of N.J.S.A. 47:1A-6,2 and his due process rights, to be "without

sufficient merit to warrant discussion in a written opinion." R.

2:11-3(e)(1)(E). We only observe that the GRC acted in accordance

with OPRA when it deemed Carter's request denied, N.J.S.A. 47:1A-

2
 The statute addresses the burden of proof by stating: "The
public agency shall have the burden of proving that the denial of
access is authorized by law." N.J.S.A. 47:1A-6.

 9 A-4726-14T1
5(i),3 because the District's records custodian failed to respond,

but still found a "defense[] pertaining to [Carter's] complaint"

in accordance with N.J.A.C. 5:105-2.1(h).4 Moreover, on remand,

the District's records custodian raised the same defense that the

GRC found in the first instance.

 Finally, we also reject Carter's argument that despite the

GRC's determination, he was still entitled to an award of counsel

fees because he was a "catalyst" whose actions resulted in relief

being granted in accordance with his complaint. Contrary to

Carter's contention, the GRC's interim order directing the

custodian to respond to Carter's complaint with an SOI did not

make him a "prevailing" party under OPRA, N.J.S.A. 47:1A-6, or a

"catalyst" to the GRC awarding him any relief. See Teeters v.

Div. of Youth and Family Serv., 387 N.J. Super. 423, 432 (App.

Div. 2006) (determining that the plaintiff in an OPRA action was

3
 The statute in pertinent part states: "In the event a custodian
fails to respond within seven business days after receiving a
request, the failure to respond shall be deemed a denial of the
request." N.J.S.A. 47:1A-5(i).
4
 N.J.A.C. 5:105-2.1(h) authorizes the GRC

 [i]n response to the complaint before it, [to]
 raise issues and defenses pertaining to that
 complaint on a sua sponte basis if it deems
 such action appropriate or necessary and if
 said action on behalf of the [GRC] would be
 in the interest of furthering the provisions
 and intent of [OPRA].

 10 A-4726-14T1
entitled to fees after settling his claim under a "catalyst

theory," where plaintiff's complaint brought about an alteration

in the defendant's position, and plaintiff received a favorable

result).

 Because we agree with the GRC's determination that Carter's

request was overbroad, we need not address his remaining argument

about the GRC's failure to refer his complaint to the OAL for a

hearing on whether the District's records custodian "knowingly and

willfully violate[d]" OPRA. N.J.S.A. 47:1A-11.

 Affirmed.

 11 A-4726-14T1