**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2956-19

ERVIN MEARS,

    Plaintiff-Appellant,

v.

BOROUGH OF LAWNSIDE,

    Defendant-Respondent.

_____

> Argued January 26, 2022 – Decided February 8, 2022
>
> Before Judges Hoffman, Geiger and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3465-19.
>
> Christina Stripp argued the cause for appellant (Cohn Lifland Pearlman Herrmann & Knopf LLP, attorneys; Walter M. Luers, on the briefs).
>
> Darryl C. Rhone argued the cause for respondent (CGO Law, PC, attorneys; Darryl C. Rhone, on the brief).

PER CURIAM

Plaintiff Ervin Mears filed a verified complaint and order to show cause under the Open Public Meetings Act (OPRA), N.J.S.A. 47:1A-1 to -13, seeking to compel defendant Borough of Lawnside to provide "all the vouchers and/or invoices" submitted by the attorney "appointed by Resolution No. 49-2019" from January 1, 2019 through July 25, 2019.[1] Asserting attorney-client privilege under OPRA and N.J.S.A. 2A:84A-20, the Acting Borough Clerk responded to the OPRA request by providing heavily redacted billing invoices submitted to the Borough by the law firm. Finding that the attorney-client privilege barred disclosure of the redacted descriptions of services rendered and expenses incurred, the trial court dismissed plaintiff's complaint with prejudice. We reverse and remand for the court to address the now prevailing plaintiff's application for counsel fees and costs.

We discern the following facts from the record. On December 11, 2019, the trial court denied the cross-motions for summary judgment filed by the parties with prejudice, denied defendant's motions for frivolous litigation sanctions without prejudice, and directed defendant to provide the court with a

---

[1] The complaint did not include a claim under the common law right of access.

Vaughn[2] index, copies of the related unredacted invoices, and copies of the redacted invoices provided to plaintiff in response to his OPRA request.

On March 12, 2020, following an in camera review of the Vaughn index and the redacted and unredacted versions of the invoices in question, the court issued an oral decision. Initially, the court rejected defendant's reliance on the privacy analysis set forth in Doe v. Poritz, 142 N.J. 1, 88 (1995), pertaining to the registration and community notification requirements imposed by Megan's Law, N.J.S.A. 2C:7-1 to -23.

The court found that plaintiff was not entitled to the unlisted telephone numbers that were redacted because they constituted personal information barred from disclosure under N.J.S.A. 47:1A-1.1. Plaintiff conceded that he is not entitled to the unlisted telephone numbers.

Moving on to the asserted attorney-client privilege, the court noted that under OPRA, the term "government record" does not include "any record within the attorney-client privilege," but the attorney-client privilege "shall not be construed as exempting from access attorney or consultant bills or invoices

---

[2] Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir. 1973). A Vaughn index is a privilege log "containing a 'relatively detailed' justification for the claim of privilege being asserted for each document. The judge analyzes the index to determine, on a document-by-document basis, whether each such claim of privilege should be accepted or rejected." Paff v. Div. of Law, 412 N.J. Super. 140, 161 n.9 (App. Div. 2010) (citing Vaughn, 484 F.2d at 826-27).

except that such bills or invoices may be redacted to remove any information protected by attorney-client privilege[.]" N.J.S.A. 47:1A-1.1. The court commented that attorney invoices "contain attorney-client privilege[d]" information.

Upon reviewing the unredacted invoices, the court found they "absolutely contain[ed] attorney-client information as defined by N.J.S.A. 2A:84A-20(1) ("communications between lawyer and his client in the course of that relationship and in professional confidence, are privileged"). The court found that the description of services described "intended acts [and] strategy" that were properly redacted. The court also found the invoices contained "numerous entries . . . dealing with strategies of litigation, dealing with the actions of litigation, dealing with intended actions of litigation" that were "[a]bsolutely privileged . . . ." The court noted that invoice nine indicated counsel had "review[ed] specific correspondence with names, specific documents with intent." In that regard, the court explained that plaintiff "is not entitled to know what happened during the course of strategy planning between an attorney and a client, which may include a phone conversation, which may include the preparation of an application, which may include the preparation of a document. No sir. That's strategy."

A-2956-19

The court found that all of defendant's "redactions were proper" and entered the order dismissing plaintiff's complaint with prejudice. This appeal followed.

On appeal, plaintiff argues that the trial court erred by upholding all of the redactions made to defendant's invoices. He further argues that if he prevails on appeal, we should remand the case to the trial court for a determination of reasonable counsel fees to be awarded pursuant to OPRA's fee-shifting provision, N.J.S.A. 47:1A-6.

Our review of a trial court's legal conclusions in an OPRA action is de novo. Digit. First Media v. Ewing Twp., 462 N.J. Super. 389, 397 (App. Div. 2020) (citing Wronko v. N.J. Soc'y for Prevention of Cruelty to Animals, 453 N.J. Super. 73, 79 (App. Div. 2018)). We thus undertake plenary review of the trial court's determination that the documents requested pursuant to OPRA were properly redacted to delete information under the exemption for attorney-client privilege. See Gilleran v. Twp. of Bloomfield, 440 N.J. Super. 490, 497 (App. Div. 2015) (stating that our standard of review of a trial court's "interpretation of OPRA and its exclusions" is plenary), rev'd on other grounds, 227 N.J. 159 (2016); Asbury Park Press v. Cnty. of Monmouth, 406 N.J. Super. 1, 6 (App. Div. 2009), aff'd, 201 N.J. 5, (2010) (stating that we

exercise plenary review of the interpretation of an OPRA exclusion relied upon by a public agency).

"OPRA embodies the principle of broad access to public records in the public's interest." Digit. First Media, 462 N.J. Super. at 397 (citing North Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 229 N.J. 541, 555 (2017)). In enacting OPRA, the Legislature intended "to maximize public knowledge about public affairs in order to ensure an informed citizenry and to minimize the evils inherent in a secluded process." Mason v. City of Hoboken, 196 N.J. 51, 64 (quoting Asbury Park Press v. Ocean Cnty. Prosecutor's Off., 374 N.J. Super. 312, 329 (Law Div. 2004)). "[A]ny limitations on the right of access . . . shall be construed in favor of the public's right of access. N.J.S.A. 47:1A-1. "The public agency [has] the burden of proving that the denial of access is authorized by law." N.J.S.A. 47:1A-6. "Under that framework, 'government records'—which are defined broadly in N.J.S.A. 47:1A-1.1—are subject to disclosure unless a public agency can demonstrate that an exemption applies. To justify non-disclosure, the agency must make a 'clear showing' that one of the law's listed exemptions is applicable." North Jersey Media Grp., 229 N.J. at 555 (quoting Ocean Cnty. Prosecutor's Off., 374 N.J. Super. at 329).

The right to access government records under OPRA is not absolute. Kovalcik v. Somerset Cty. Prosecutor's Off., 206 N.J. 581, 588 (2011). "That

conclusion rests on the fact that OPRA exempts numerous categories of documents and information from disclosure." Ibid. Among those categories is an exemption for "any record within the attorney-client privilege." N.J.S.A. 47:1A-1.1. The attorney-client privilege is codified in N.J.S.A. 2A:84A-20(1) and N.J.R.E. 504. The purpose of the attorney-client privilege is "to encourage clients to make full disclosure to their attorneys." Paff, 412 N.J. Super. at 150 (quoting Macey v. Rollins Env't. Servs. (N.J.), Inc., 179 N.J. Super. 535, 539 (App. Div. 1981)).

When a government custodian is unable to comply with the OPRA request relying on the attorney-client privilege, the "mere assertion of privilege" is not enough. Burke v. Brandes, 429 N.J. Super. 169, 178 (App. Div. 2012). The governmental entity must follow the standard in Rule 4:10-2(e), "which permits a party claiming privilege to 'describe the nature of the documents . . . not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.'" Ibid. (quoting Paff v. Bd. of Review, 379 N.J. Super. 346, 354 (App. Div. 2005)); R. 4:10-2(e).

"A party's right to access public records is not abridged because it may be involved in other litigation with the governmental agency required to respond to the OPRA request." MAG Entm't, LLC v. Div. of Alcoholic

Beverage Control, 375 N.J. Super. 534, 545 (App. Div. 2005). "Documents that are 'governmental records' and subject to public access under OPRA are no less subject to public access because the requesting party is opposing the public entity in possession of material sought in collateral litigation." Ibid. Nevertheless, "the pendency of collateral litigation . . . is not a fact to be ignored." Spectraserv, Inc. v. Middlesex Cnty. Util. Auth., 416 N.J. Super. 565, 581 (App. Div. 2010).

The attorney-client privilege "ordinarily does not apply to lawyer's bills for services to a public entity." Hunterdon Cnty. Police Benevolent Ass'n v. Twp. of Franklin, 286 N.J. Super. 389, 394 (App. Div. 1996) (citing Matter of Grand Jury Subpoenas, 241 N.J. Super. 18, 36 (App. Div. 1989)). The privilege only shields "confidential communications . . . made within the context of the strict relation of attorney and client." Ibid. (citing Grand Jury Subpoenas, 241 N.J. Super. at 30).

In O'Boyle v. Borough of Longport, the Court held that "a bill for services prepared by an attorney retained by a public entity and submitted to it for payment, is subject to access pursuant to OPRA." 218 N.J. 168, 188 (2014). Similarly, in Hunterdon Cnty., we held that bills submitted by an attorney to the county were not insulated from disclosure under the Right to Know Law, N.J.S.A. 47:1A-1 to -4, or by the attorney-client privilege. 286

N.J. Super. at 393. We noted that such billings "are required by law to be submitted before any payment can be made" and "a record, 'open to the public,' must be kept of '[a]ll claims approved for payment', N.J.S.A. 40A:5-18." Ibid. We emphasized the public's legitimate interest in the invoices "a public entity receives from its providers of goods and services," because they are paid with public funds. Id. at 394. We noted that "[a] contrary view negates the citizen's right to know how tax monies are used." Ibid.

As we have noted, defendant redacted every word of every line item of the description of services rendered on all eleven invoices. Defendant's position before the trial court was meritless. The trial court nevertheless found all the redactions permissible under the attorney-client privilege. The record simply does not support that finding.

Our careful review of the unredacted invoices reveals that the vast majority of the descriptions of services rendered are generic, single line entries that do not contain any confidential information, trial strategy, or work product. A few examples will suffice. Defendant redacted line entries such as: "Receive and Review Correspondence from Court Clerk"; "Participate in phone conference with court"; "Draft letter brief to [court] in advance of oral argument"; "attend zoning board [meeting]"; and "Attend [March 1, 2019] oral

argument at court."  These and similar entries clearly do not fall within the attorney-client privilege.

Many line entries indicate services involving phone conferences with individuals identified by initials or drafting or reviewing correspondence and emails from individuals identified by initials.  In almost every instance, that information did not reveal confidential information, trial strategy, or work product, and did not fall within the attorney-client privilege.

Some line entries cryptically refer to the subject matter of the communication but again, the references did not reveal confidential information, trial strategy, or work product, and did not fall within the attorney-client privilege.

Similarly, the line entries describing the expenses billed were redacted in their entirety.  The trial court also found those redactions appropriate under the attorney-client privilege.  The unredacted invoices show that the expenses were for filing fees, mailing fees, and monthly retainer.  They did not pertain to investigation or expert witness expenses.  These line entries did not reveal confidential information, trial strategy, or work product, and did not fall within the attorney-client privilege.  The trial court's contrary ruling was error.

In sum, we have not found any line entries for services rendered or expense incurred that fall within the attorney-client privilege.  We reverse the

10

order dismissing plaintiff's complaint and direct the court to enter a judgment finding defendant in violation of OPRA and requiring defendant to provide the unredacted invoices to plaintiff by a date to be determined by the court.

Turning to the issue of attorney's fees, OPRA provides that "[a] requestor who prevails in any proceeding shall be entitled to a reasonable attorney's fee." N.J.S.A. 47:1-6. Thus, a prevailing plaintiff in an OPRA action is entitled to an award of such counsel fees. Smith v. Hudson Cnty. Register, 422 N.J. Super. 387, 393 (App. Div. 2011). The trial court did not reach the issue of attorney's fees because it found the redactions were appropriate and dismissed plaintiff's complaint with prejudice. Considering our ruling, plaintiff is a prevailing party under OPRA and is thereby entitled to an award of reasonable attorney's fees for the legal services performed at both the trial and appellate levels. We "refer the issue of attorney's fees for appellate services for disposition by the trial court" pursuant to Rule 2:11-4. On remand, the trial court shall make findings and award reasonable attorney's fees and costs to plaintiff for those legal services.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                        A-2956-19