**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2353-24

MORRIS VIEW
HEALTHCARE CENTER,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY
DEPARTMENT OF HUMAN
SERVICES, DIVISION OF
AGING SERVICES,[1] and
SARAH WALZER AS
CUSTODIAN OF RECORDS,

     Defendants-Respondents.

_____

Argued April 21, 2026 – Decided May 20, 2026

Before Judges Rose and Rosero.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1928-24.

Justin A. Marchetta argued the cause for appellant (Inglesino Taylor, attorneys; Justin A. Marchetta and

---

[1] Improperly pled as State of New Jersey Department of Health and Human Services, Division of Aging Services.

Lisa D. Taylor, of counsel and on the briefs; John T. Eder, on the briefs).

Elizabeth M. Tingley, Deputy Attorney General, argued the cause for respondents (Jennifer Davenport, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Elizabeth M. Tingley, on the brief).

PER CURIAM

Plaintiff Morris View Healthcare Center appeals from a March 14, 2025 Law Division order dismissing its verified complaint against the State of New Jersey Department of Human Services, Division of Aging Services (DoAS), and Sarah Walzer as custodian of records (together, defendants), and denying plaintiff's application to declare defendants violated the New Jersey Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and the common law right of access. Having reviewed the record de novo, see Drinker Biddle & Reath LLP v. N.J. Dep't of L. and Pub. Safety, 421 N.J. Super. 489, 497 (App. Div. 2011), we discern no basis to disturb the order under review. We therefore affirm.

The genesis of plaintiff's requests, gleaned from Assignment Judge Robert Lougy's decision[2] is rooted in the DoAS's acuity audits of nursing facilities' 2006

---

[2] In its merits brief, plaintiff's statement of facts fails to include all "references to the appendix" as required under Rule 2:6-2(a)(5). In addition, neither plaintiff's complaint nor Walzer's certification in support of defendants'

Medicaid cost reports.  Plaintiff, a nursing facility, was included in those audits.

Apparently, the Medicaid cost reports were the basis by which the "nursing

facilities' daily Medicaid reimbursement" was determined.  The judge noted an

administrative matter challenging the acuity audits of the 2006 Medicaid cost

reports was pending in the Office of Administrative Law.

At issue are five separate requests plaintiff submitted to the DoAS on

August 13, 2024 regarding the 2006 acuity audits:

> Request Number W221935:  Reports, conclusions, analyses, summaries and memoranda regarding acuity audits of 2006 Medicaid cost reports of nursing facilities;
>
> Request Number W221936:  Criteria utilized in, or applied to, the selection of nursing home Medicaid cost reports for the year 2006 for acuity audits;
>
> Request Number W221937:  Calculations of recoupments sought as a result of any acuity audit of a 2006 nursing home Medicaid cost report;
>
> Request Number W221938:  Calculations of rate adjustments sought as a result of any acuity audit of a 2006 nursing home Medicaid cost report; and

---

opposition to plaintiff's show cause motion was included in plaintiff's appellate appendix as required under Rule 2:6-1(a)(1).  Although these deficiencies might ordinarily prompt us simply to dismiss the appeal, see Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 54-55 (2004), plaintiff does not challenge the judge's factual recitation or his summary of the parties' arguments.  Accordingly, our review is not hampered by plaintiff's omissions.

> Request Number W221939: Correspondence, both physical and electronic, between the [DoAS] and any provider regarding a 2006 Medicaid cost report, or any acuity audit, recoupment or rate adjustment pertaining to the same.

Defendants denied Request Numbers W221935, W221937, W221938, and W221939 as, "Improper and Overbroad." The fifth request, Request Number W221936, was denied as, "Not Made, Maintained, Filed[,] or Received by [DoAS]." Plaintiff thereafter filed its present action alleging violations of OPRA and the common law right of access.

Pertinent to this appeal, defendants countered they were unable to search for responsive records because plaintiff failed to set forth the requisite specificity. In particular, defendants argued: (1) Request Number W221935 "[wa]s an 'any and all' request deemed invalid under Spectraserv, Inc. v. Middlesex County Utilities Authority, 416 N.J. Super. 565 (App. Div. 2010)"; (2) Request Number W221936 was properly responded to "because [the DoAS] does not maintain the responsive records"; (3) Request Numbers W221937 and W221938 "were non[]specific and thus beyond the scope of OPRA" pursuant to New Jersey Builders Ass'n v. New Jersey Council on Affordable Housing, 390 N.J. Super. 166 (App. Div. 2007); and (4) Request Number W221939 seeking "communications between the 'D[oAS]' and 'any provider' [wa]s not clearly

4

defined for an OPRA request under in <u>Burke v. Brandes</u>, 429 N.J. Super. 169 (App. Div. 2012)."

Turning to plaintiff's common law claim, defendants argued four requests were overbroad. As to the fifth request, defendants contended they had no responsive records.

Disagreeing with defendants' specificity argument, plaintiff primarily argued "only a finite number of nursing homes had 2006 Medicaid cost reports subject to an acuity audit." To support its contention, plaintiff cited an agency decision regarding "challenges to the acuity audits of the 2006 Medicaid cost reports." <u>See</u> <u>Stratford Manor Care and Rehab. Ctr. v. N.J. Dep't of Health and Senior Servs.</u>, No. DAS 04044-11, 2014 N.J. AGEN LEXIS 1090 (Sept. 8, 2014). Contending defendants' reliance on the cases they cited was misplaced, plaintiff argued Request Numbers W221935 and W221939 were sufficiently specific; Request Numbers W221937 and W221938 did not request "information" and "the documents requested must exist given the factual circumstances"; and, citing <u>Stratford Manor</u>, the requested records under Request Number W221936 must exist.

As to its common law right of access claim, plaintiff argued it satisfied the criteria set forth in <u>Keddie v. Rutgers</u>, 148 N.J. 36 (1997).

In the analysis portion of his opinion, Judge Lougy squarely addressed the issues raised in view of OPRA and the common law right of access. The judge first evaluated each request under OPRA.

As to Request Number W221935, the judge cited Walzer's certification and found "[d]efendants could not locate a list of [audited facilities]" and, as such, plaintiff's request would require the DoAS to review the files of "340 nursing facilities" existing in 2006. Although plaintiff did not expressly request "any and all" documents, the judge found plaintiff's request for "reports, conclusions, analyses, summaries and memoranda regarding acuity audits of 2006 Medicaid cost reports of nursing facilities" was similar to that in Spectraserv, 416 N.J. Super. at 577, where we invalidated as overbroad an "any and all" request for documents.

Judge Lougy next addressed Request Number W221939, which sought physical and electronic correspondence "between the [DoAS] and any provider regarding a 2006 Medicaid cost report, or any acuity audit, recoupment or rate adjustment pertaining to the same." The judge distinguished plaintiff's request from that in Burke, 429 N.J. Super. at 172, which Judge Lougy noted "was more narrowly defined between agencies and offices," that is the Governor's Office and Port Authority. Conversely, here, the judge found plaintiff's request was

6

overbroad as it "require[d d]efendants to search for correspondences between its large agency, and a few hundred nursing facilities not just between the two entities."

Addressing Request Numbers W221937 and W221938 together, Judge Lougy rejected plaintiff's assertion that its request for calculations of recoupments and rate adjustments resulting from the acuity audits was sufficiently specific. The judge found plaintiff's request was not cognizable under our decision in New Jersey Builders Ass'n, 390 N.J. Super. at 171 (holding OPRA does not require an agency to "gather responsive information and produce new documents"). Because plaintiff sought calculations, not documents, requiring defendants "to compile [information] and insert [it] into a new record" the judge concluded "OPRA does not permit this type of request."

Regarding Request Number W221936, the judge noted Walzer certified "she was unable to locate responsive documents." The judge was not persuaded by plaintiff's assertion that the DoAS's decision in Stratford Manor demonstrated the agency possessed responsive records. Accordingly, the judge was satisfied plaintiff "provided no proof that the records exist."

Lastly, the judge found plaintiff failed to demonstrate a right of access under the common law. The judge found, at the time plaintiff made its request,

7

it failed to "state its particularized need or wholesome public interest." Additionally, its complaint merely stated plaintiff "ha[d] such an interest." Regarding Request Number W221936, the judge further found "no responsive records are available for which access can be granted."

Before us, plaintiff argues the judge erroneously concluded its requests for the DoAS's records were improper on four grounds: (1) defendants "failed to properly conduct a search for responsive records"; (2) defendants' "ability to successfully conduct a search for responsive records to OPRA Request [Number] W221936 undermines any assertion that the remaining OPRA [r]equests were lacking in specificity or overbroad"; (3) the judge failed to consider defendants' "intimate awareness of the sought after records" in view of the DoAS's decision in Stratford Manor; and (4) the judge "failed to properly apply binding precedent and applicable standards to the sufficiency of the OPRA [r]equests." Plaintiff further contends, because "the Keddie factors weigh decisively in [its] favor," the judge erroneously denied its common law right of access.

Having considered plaintiff's contentions in view of the governing law, we conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons

8

stated in Judge Lougy's cogent written decision, adding only the following brief remarks.

As part of its argument that defendants failed to search the records of the DoAS's contractor, which conducted the audits, plaintiff claims defendants failed to attempt to accommodate the request. More particularly, plaintiff asserts, if its requests were burdensome or disruptive, defendants were required "to seek an accommodation from [plaintiff] and report the service charge" for performing the search under Doe v. Rutgers State University of New Jersey, 466 N.J. Super. 14, 27 (App. Div. 2021). Plaintiff's argument is misplaced. Simply stated, an overbroad request, unlike a disruptive request, does not require an agency to attempt to accommodate the requester. See Lagerkvist v. Off. of the Governor, 443 N.J. Super. 230, 236 (App. Div. 2015) (distinguishing disruptive requests from overbroad requests).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division